CASE 112—ACTION TO ENJOIN THE COLLECTION OF A TAX—MAY 21.

# Chambers and Others v. Adair.

APPEAL FROM HANCOCK CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

MUNICIPAL CORPORATIONS—BOARD OF EDUCATION—TIME OF ELECTION
—REPEAL OF CHARTER—DE FACTO OFFICERS—SCHOOL TAX—
CHANGE OF BOUNDARY OF DISTRICT.

Held: 1. The provisions of a city charter in force when the Consti-
tution was adopted, fixing the time of election of the members
of the city board of education, were not repealed by the Consti-
tution, by the common-school law, or by the charter of cities of
the fifth class, to which class the city in question was assigned;
no provision for public education being made by the charter of
fifth-class cities.

2. Injunction does not lie to restrain a *de facto* officer from perform-
ing the duties of his office on account of an irregularity in the
time or manner of his election: his possession under color of
title giving validity to his acts, so far as they affect the public
and third persons.

3. Where a school district embraced all of a city boundary and cer-
tain territory outside the city, and subsequently the city boun-
dary was enlarged so as to be co-extensive with the school dis-
trict, but was thereafter again cut down, territory thus excluded
from the city boundary continued to be subject to taxation to
pay bonds issued by the school district as originally created.

4. The petition in an action to enjoin the collection of a tax was de-
fective, in that it failed to set forth the amount of the tax de-
manded of plaintiff, and, in that no property was described as
having been levied on, and no allegation made as to whether
the property owned by plaintiff is real or personal, or as to its
value.

GEORGE W. JOLLY, FOR APPELLANT.

1. The petition in this case is for an injunction against the mem-
bers of the board of education, and the tax collectors, but it does
not allege facts showing that the court has jurisdiction of the
subject matter; no amount of taxes is specified and it is not al-
leged that the real estate of the plaintiff is in any way involved

Chambers and Others v. Adair.

in the suit. No property is described in the petition. The facts alleged do not constitute a cause of action, within the jurisdiction of the court, or state a cause of action at all.

2. The demurrer of the defendant, to the jurisdiction of the court, should have been sustained. Bourne v. Beck, 22 L. R., 792.

3. The general demurrer of the defendant to the petition should have been sustained.

4. The demurrer of the defendant for defect of parties should have been sustained, the board of education not being a party, it being the corporation which levied and collected the taxes for the payment of the bonded debt of the district, and being the real party in interest.

5. The facts alleged in the petition show that the trustees and tax collectors are at least *de facto* officers. They are shown to be in the possession of the offices and exercising the functions of their respective places, under elections, which are supposed by the plaintiff to have been held at the wrong time, and are exercising powers conferred upon them by the several acts creating the board. Defects in the election or appointment or qualification of officers do not render them mere intruders or usurpers. Besides defects in the title of officers to their offices, can not be inquired into and determined in a proceeding for an injunction or any other collateral proceeding. A direct proceeding for that purpose is absolutely necessary. Throop on Public Officers, sec. 850; Roberts v. Clay City, 19 R., 1046.

D. L. ADAIR, ATTORNEY FOR APPELLEE.

1. The appellants were never legally elected, nor were any of their predecessors, who attempted to levy the taxes sought to be enjoined and they are not the "Board of Education of Hawesville," and are not invested with any color of title to the offices they claim.

2. Since the passage of the Act of July 3, 1893, incorporating cities of the fifth class, (to which Hawesville was assigned). There has been no such body as the board of education of Hawesville, as that Act repealed all former laws inconsistent with it.

3. No municipal government has any extra territorial authority, for any purpose unless by special laws, and in no case for the purpose of taxation.

4. If the board of education of Hawesville is not a part of the city government so much of the "act to incorporate the city of Hawesville" as provides for its existence, and gives it any power or authority, is unconstitutional and void.

5. So much of the Act of 1873, secs. 10 to 15, as undertakes to provide for and regulate the conduct and teaching of the school,

and undertakes to authorize the levy of taxes for other than the erection of school buildings, is unconstitutional and void.

6. A non-resident of the city can not hold the office of tax collector.

### AUTHORITIES CITED.

Con. of Ky., secs. 51, 148, 166, 167; old Con., art. 2, sec. 37; Ky. Acts, 1873, p. 186, secs. 2, 4, 5, 10, 11, 12, 13, 14, 15; Ky. Acts, 1881, p. 182, secs. 4, 5, 11; Ky. Statutes, secs. 2740, 3604, 3618, 3619, 3620, 3637, 4434; Bowling Green v. Warren County, 10 Bush, 724; Campbell County v. Taylor, 8 Bush, 206; Turner v. Pewee Valley, 100 Ky., 288.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This suit was instituted by the appellee against the appellants, as the board of education of Hawesville, and the tax collectors of the district appointed by them, to enjoin them from levying and collecting the taxes which had been assessed against her property by virtue of divers acts of the Legislature creating a board of education in the town of Hawesville, and authorizing them to levy and collect such tax. Substantially the same points are made and relied on as in the case of Board of Education of Hawesville v. Louisville, H. & St. L. Ry. Co. (this day decided), 62 S. W., 1125, and it will therefore be unnecessary for us to consider again the questions passed on in that case. Appellee, however, in this case makes two additional points, which were not presented in that action: First, she says that the defendants, Chambers, etc., were elected members of the board of education on the first Monday in April, 1899, instead of on Tuesday after the first Monday in November, as required by section 145 of the Constitution, and that for this reason such election was void, and conferred no power or authority on the persons so chosen to discharge the duties imposed by law upon the board of education, and that the pretended assessment and levy of taxes made by appellee is illegal and void; second, she

alleges that the city of Hawesville, by ordinance passed on the 5th day of October, 1896, changed the boundaries of the limits so as to exclude her property from the city, and that for this reason it is not liable for the taxes sought to be enjoined in this proceeding, and that the pretended board of education are wrongfully instigating the defendants, Miller and Saddler, their pretended collectors, to seize and sell her property in satisfaction of such illegal tax. A general demurrer was overruled to the petition, and, the defendant declining to plead further, a judgment was entered perpetually enjoining the defendants from collecting from the plaintiffs any taxes for the years 1895, 1896, 1897, 1898 and 1899, and for her costs; and to reverse that judgment this appeal is prosecuted.

By the act approved April 7, 1882, incorporating the city of Hawesville, the boundary of the city was extended so as to embrace all the territory included within the boundaries of district No. 1, as defined in an act of 1873, and in this act the time for the election of all elective officers was fixed on the first Monday of April of each year. It was also provided in that act that at the time of holding the election for city officers two school trustees should be elected from each ward of the city, who should constitute the board of education of the city of Hawesville. Section 155 of the Constitution provides, viz.: "The provisions of sections one hundred and forty-five to one hundred and fifty-four, inclusive, shall not apply to the election of school trustees and other common school district elections. Said elections shall be regulated by the General Assembly, except as otherwise provided in this Constitution." The charters of fifth class cities make no provision whatever for public education. This matter was left to be provided by the Legislature, and by section 4433 of the statutes,

which is a section of the common school law, it was pro-
vided "that it was not to affect, modify or repeal any local
or special law theretofore passed, which establishes any
city, or town in one district, except as provided in sec-
tions 4482 and 4483, but the same should be governed in
all respects by the local laws and authorities, and it should
in no wise affect the charter and amendments thereto of
any city or town in the Commonwealth, in so far as the
said charter and amendments related to the public schools
of said cities and towns; nor should the law affect, modify
or repeal any local or special law now in force for the
benefit of any school, high school, seminary, college or
other institution of learning in this State, except as to
teachers as provided by section 4428." The powers of the
board of education of school district No. 1 of the city of
Hawesville are preserved intact by section 155 of the Con-
stitution and by section 4433 of the common-school law,
above referred to, and they are still clothed with all the
powers conferred upon them by the charter of 1882; and,
as there has been no change in the time for holding the
election for such trustees, it is still controlled by the pro-
visions of the act, *supra*. Section 4434 relates exclusively
to the election of the common-school trustees, and, we
think, does not change the time for holding an election for
the selection of the board of education of Hawesville as
provided by the act above referred to. But, even if this
were otherwise, there can be no doubt that appellants are
*de facto* the board of education of district No. 1 and the
city of Hawesville. They are in possession of the offices
under color of title, and their acts are valid and effectual
so far as they affect the public and third persons, and can
not be collaterally called into question in a proceeding of

this character.  See Troop, Pub. Off., sections 802, 825, 839, 850.

An injunction does not lie to restrain an officer *de facto* from performing the duties of his office for an alleged irregularity in the time or manner of his election.  See 10 Am. & Eng. Enc. Law, 679, 680.  The petition in this case does not allege that the property of the plaintiff which was sought to be taxed was not included in the boundary of school district No. 1 of Hancock county, as originally laid off under the Act of 1873.  At that time it is manifest from the act that a very considerable amount of property was included in that district which was exterior to the boundaries of the city of Hawesville, and which were subsequently included in the city by the Act of 1882; and a subsequent change of the city boundaries would not affect the liability of the property included in the boundary of district No. 1 as originally projected for the payment of the bonds, after their sale, for the purpose of raising money for the erection of school buildings.  We are of the opinion that the several acts of the Legislature creating the board of education of Hawesville have not been repealed by the adoption of the new Constitution or any of the provisions of the Kentucky Statutes, and that the general demurrer filed to the petition should have been sustained.

The petition was also defective in other respects.  It fails to set forth the amount of the tax which was demanded of appellee, and no property is described in the petition as having been levied on.  Whether the property owned by plaintiff is real or personal is not alleged, nor can the court determine from the petition its value.  For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.