CASE 55.—ACTION  BY  ARMINTA  JOHNSON  AGAINST DELBERT SANDERS INVOLVING THE RIGHTS OF THE PARTIES TO TEACH A PUBLIC SCHOOL.— January 21.

## Johnson v. Sanders

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

From a judgment of dismissal plaintiff appeals— Reversed.

1.  Officers—Eligibility—Holding  Other  Office.—The  offices  of postmaster and school trustee are, under the law, incompatible, and both cannot be held at the same time by one person.

2.  Same—De Facto Officers.—One holding the office of postmaster was appointed a school trustee by the county superintendent of schools, having authority to fill a vacancy then existing   He qualified and assumed to exercise the office of school trustee with the acquiescence of the county superintendent, the other trustees, and the public generally.   Held,

that he was a de facto school trustee, though he was disqualified by reason of being postmaster.

**2.** Schools and School Districts—Contract of Employment—Validity.—Where one member of a board of school trustees was a de facto trustee, and he and a de jure trustee constituted a majority of the board of trustees of the school district, a contract of employment of a school teacher entered into by them was binding on the board and the district.

L. J. WILLIAMSON and F. W. STOWERS for appellant.

## POINTS.

In the case at bar it is the contention of appellant:

1. M. D. L. Greer was a de facto trustee at the time he signed appellant's contract.

2. That he being a de facto trustee his authority as such can not be collaterally attacked, and in an action to which he is not a party as is the case at bar.

3. Even it were admitted that his authority as a de facto trustee could be attacked and questioned, or tested, collaterally, and in the case at bar, his acts, so far as appellant's rights and contract are concerned, are as valid and precisely the same as if he had been a de jure trustee.

## AUTHORITIES CITED.

Rodman v. Harcourt & Carico, 4 B. Mon. 224; Stokes v. Kirkpatrick, 1 Met. 138; Justices. Jefferson County v. Clark, 1 Mon. 86; Wilson v. King, 3 Litt. 457; Rice v. Comth. 3 Bush 14; Chambers v. Adair, 23 Ky. Law Rep. 373; Troop on Public Officers, secs. 802, 825, 839 and 850; Note 19 Am. Dec. 64, and numerous authority there cited; Parker v. Kett, 12 Mod. 467 (Eng.); King v. Bedford Level, 6 East 356; Petersalia v. Stone, 119 Mass. 476; Wilcox v. Smith, 5 Wend. 231; People v. Kane, 23 Id. 414; State v. Carroll, 38 Conn. 449; Peterson v. Miller, 2 Metc. 493.

ROSCOE VANOVER for appellee.

## AUTHORITIES CITED.

Rodman v. Harcourt & Carico, 4 B. Mon. 224; Constitution of Kentucky sec. 237; Appellant's brief, pp. 9 and 12.

Johnson v. Sanders.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

By this action instituted against appellee in the court below, appellant sought to retain, as a teacher, possession of the schoolhouse in common school district 113, Pike county, and to teach the common school therein, which she claimed to have been legally employed to do by a written contract made with the trustees of the district before beginning the school. It was alleged in the petition that although appellant had been in possession of the schoolhouse and conducting the school for a month under employment of the trustees, two of whom had signed the contract by which she had secured the right to teach it, the appellee wrongfully and forcibly attempted to obtain possession of the schoolhouse and to oust her therefrom and deprive her of the right to teach the school, under a claim of having himself been employed by two of the trustees to teach it. At the time of filing the petition appellant obtained a temporary restraining order to prevent appellee from interferring with her possession of the schoolhouse and depriving her of the school. The appellee's answer contained a traverse of such of the averments of the petition as set forth appellant's employment and right to teach the school and charged him with the use of force in trying to get possession of the schoolhouse, and alleged: That the contract under which she claimed to have been employed to teach the school was void; that one of the two alleged trustees of the district whose name appeared to the contract was without authority to enter into the same and was at the time illegally acting as a trustee and disqualified under

the law to be or act as such, because he was then and at the time of his appointment as trustee holding the office as postmaster in Pike county by appointment of the Postmaster General of the United States; and that the office of postmaster and that of trustee of the common school district in question are incompatible. It was also averred in the answer that, after the alleged employment of appellant to teach the district common school, M. D. L. Greer resigned as trustee, and his son, L. C. Greer, was appointed trustee in his place, and, further, that appellee had been legally employed by two of the trustees of the district to teach the common school therein; the contract evidencing the same having been reduced to writing and signed by two of the trustees, L. C. Greer and J. M. Sanders, and that by virtue thereof he was entitled to teach the school and to have the possession of the schoolhouse for that purpose. The temporary restraining order was dismissed by the circuit court, and shortly thereafter, the case coming on to be heard on the merits, judgment was rendered by the court declaring appellee entitled to teach the school in question and dismissing appellant's question. Of that judgment the latter complains. Hence this appeal.

The record contains an agreed statement of the facts out of which the controversy arose, which are few and simple. Appellant was employed by the trustees to teach the school. Two of the then acting trustees of the district, M. D. L. Greer and U. M. Johnson, signed the contract, but the third trustee, J. M. Sanders, did not do so. Appellant was put in possession of the schoolhouse and in charge of the school, which she began at the time fixed by her contract with the trustees, and taught for a month, and until interfered with by the appellee. There was no complaint of her

manner of conducting the school, and it is conceded
that she held such a teacher's certificate as entitled
her to conduct it. The agreed facts further show that
appellee attempted to get possession of the school-
house and claimed the right to deprive appellant of
the school and conduct it himself, upon the ground
that her employment as teacher was unauthorized
and void, because of the ineligibility of M. D. L. Greer,
one of the trustees by whom she was employed, to
hold the office of trustee, and because he (appellee)
had been employed to teach the school by two of the
trustees of the district, J. M. Sanders and L. C. Greer;
the latter being the successor of M. D. L. Greer. It
also appears from the agreed facts: That M. D. L.
Greer was appointed a trustee by the county superin-
tendent of the school district in January, 1907; that
he accepted the office and qualified as trustee by im-
mediately taking the necessary oath and causing his
name to be entered as such upon the record book
required by law to be kept by the superintendent for
that purpose; that he at once assumed the duties of
the office of trustee and continued to act in that capac-
ity until his resignation of the office July 11, 1908,
which was a month after the employment of appellant
as teacher and after she had taught the school that
length of time. Furthermore, in November, 1907, M.
D. L. Greer was by the board of trustees elected its
chairman and acted in that capacity from that time
down to the date of his resignation; and during his
holding of the office of trustee the board, composed of
his two associates in office and himself, actively under-
took and discharged the duties imposed upon them by
law, and M. D. L. Greer's acts in the capacity of trus-
tee and as chairman of the board were approved and
acquiesced in by the county superintendent, the other

two trustees of the district, and the public generally, without any idea or even suspicion that his holding the office of postmaster at the same time disqualified him to act as a trustee of the common school district. Indeed, he was himself unaware at that time of his inability to hold both offices.

It must be admitted that the offices were incompatible, for the law makes them so, and the courts have held that both can not be held at the same time by one person; but, notwithstanding that fact, M. D. L. Greer was during the entire time of his exercise of the duties of the office of school trustee a de facto officer. Manifestly, he was not a usurper, for he did not intrude upon the office and without color of right assume to exercise its functions. On the contrary, he was appointed to it by the county superintendent of schools, a superior officer of the same government, who had the authority to fill the vacancy that then existed in the office by appointment, though without power to appoint an ineligible person; but, having done so, by the long-continued performance by the appointee of the duties of the office, with the approval of the superintendent, the other trustees, and the acquiescence of the public, he became a de facto trustee. In Mechem on Public Officers, section 321, it is said: "Contradistinguished from the officer de facto is the mere usurper, or intruder, who is one who has intruded upon the office and assumed to exercise its functions without either the lawful title or the color of right to it. His acts therefore are entirely void. He may, however, as is stated in the last section, grow into an officer de facto, if his assumption of the office is acquiesced in." We are further told by the same learned author, in section 324: "Where the law has provided that the office may legally be filled, then the

acts of an incumbent may be valid, although not legally appointed, because the public, being bound to know the law, know that somebody may or should fill the place and perform the duties; and possession would, as to them, be evidence of title. But where the law itself negatives the idea that there can be a legal incumbent, any one assuming to act assumes what every one is bound to know is not a legal office, and his acts can not be effectual for any purpose." Mechem on Public Officers, section 324; Eubank v. Commonwealth, 103 S. W. 368, 31 Ky. Law Rep. 746; Wilson v. Tye, 102 S. W. 856, 31 Ky. Law Rep. 491. Numerous other authorities, in addition to those cited, can be found which hold that while the act of an officer de facto where it is for his own benefit is void, because he shall not take advantage of his own want of title which he must be cognizant of, but where it is for the benefit of strangers or the public, who are presumed to be ignorant of such defect of title, it is good. Rodman v. Harcourt, 4 B. Mon. 224; Stokes v. Kirkpatrick, 1 Metc. —; Rice v. Commonwealth, 3 Bush 14; Chambers v. Adair, 110 Ky. 942, 62 S. W. 1128, 23 Ky. Law Rep. 373.

Testing the acts of M. D. L. Greer, while assuming to perform the duties of a school trustee, by the doctrine announced by the authorities, supra, we must conclude that he was a de facto trustee at the time of the employment of appellant to teach the school in question, and as the written contract evidencing her employment was in due form and agreed to and signed by M. D. L. Greer and U. M. Johnson, the first a de facto and the second a de jure trustee, and the two constituted a majority of the board of trustees of the school district, it was binding upon the board of trustees and the district as well. Therefore

appellant was entitled to the possession of the schoolhouse and to teach the school during the term covered by her employment.

Wherefore the judgment is reversed, and cause remanded, with direction to the lower court to set aside the judgment appealed from, and in lieu thereof enter another giving appellant possession of the schoolhouse and adjudging her entitled to teach the common school in district 113, Pike county, for and during the term for which she was employed under her contract with Greer and Johnson, and enjoining appellee from interfering with her right to do so.