Coquillard Wagon Works v. Melton, Sheriff, &c.

CASE 25.—ACTION BY THE COQUILLARD WAGON WORKS
    AND OTHERS AGAINST ED. MELTON, SHERIFF,
    AND OTHERS.—February 15, 1910.

## Coquillard Wagon Works v. Melton, Sheriff, &c.

| 137   189 |
| f137  694 |

Appeal from Henderson Circuit Court.

J. W. HENSON, Judge.

Demurrer to petition sustained, and plaintiff appeals.—Affirmed.

1.  Judges—Special Judges—Appointment—Validity.—Where the presiding judge of the county court declined to sit in proceedings to establish a drainage district because of his interest, and by the agreement of the petitioners and objectors appointed a member of the bar as a special judge, who assumed to act in good faith, his appointment, though irregular under Ky. St. Sec. 1059, requiring a justice of the peace to hold court in place of the county judge, made him a defacto judge of the county court, exercising its functions under color of title, and his judgment, under which a third person acquired rights, could not be collaterally attacked.

2.  Officers—"De Facto Officers"—"Color of Title."—The essential to the creation of an "officer de facto" is that his incumbency should not be legal, but that it should be exercised by some election or appointment, attempted as of legal right, but invalid for want of power in the appointing body, or because of a defect in the election, and an officer so elected or appointed actually in possession of the office exercising its functions and acting under "color of title," which means an apparent right to the office, is an "officer de facto."

3.  Officers—"De Facto Office."—A de facto office cannot exist except in case of revolution, a complete overturning of constitutional authority, and usurpation of all power of government by occupants exercising a force superior to the constitutional authorities, and there cannot be under the Constitution a de facto office.

4.   Drains—Establishment—Proceedings.—A proceeding to establish a drainage ditch is quasi judicial, and many of its features are ministerial only, and some of them are in a sense legislative.

5.   Judges—Disqualification—Effect.—Where there is anything to be decided by a judge and he can profit by his own decision, he is disqualified to act, and, where he acts, his judgment is void.

6.   Judges—Disqualification.—Where the circuit court on appeal in proceedings to establish a drainage ditch entered a judgment after trial, finding the necessity for the ditch, and that it was practicable, and adjudged the issues as to advantages and benefits, and remanded the case to the county court to carry into effect the judgment, by advertising the letting of the contract to construct the ditch, to have the costs apportioned among those affected, as indicated by the judgment, the presiding judge of the county court, though liable to an assessment for the cost of the ditch, was qualified to act, for that which remained was merely formal and ministerial.

CLAY & CLAY for appellants.

YEAMAN & YEAMAN and JOHN C. WORSHAM    for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

A proceeding was instituted in the Henderson county court by various petitioners under section 2380, Ky. Stat., to have established a drainage ditch, known in the record as the "Sellars Ditch." A large area was to be affected by the proposed improvement and 200 and more persons were made defendants to the proceeding. The viewers' report brought forth remonstrances from some of the parties, thus presenting an issue to be tried in the proceeding. It developed that the presiding judge of the county court was made a party, being assessed some small amount, about $15 in the event the ditch was established. Upon that fact being suggested,

he declined to sit in the case. Thereupon the petitioners and the remonstrants agreed upon Hon. M. C. Givins, a citizen of Henderson county, a member of the bar of Henderson, and formerly circuit judge of that district, to act as special judge of the county court in lieu of the regular judge. The result of the trial before the special judge was that the ditch was adjudged to be a public necessity, its route declared to be practicable, and the issue presented by the remonstrances as to benefits and damages was decided by the court and carried into judgment. From that judgment certain of the remonstrants prosecuted an appeal to the circuit court, as is allowed by the statute, where the case was tried anew. The judgment there also found the necessity to exist for the ditch, likewise that it was practicable, and the issues as to advantages and benefits adjudged. The case was thereupon remanded to the county court to carry into effect the judgment of the circuit court by advertising the letting of the contract to construct the ditch, and to have the costs, etc., apportioned among those affected as indicated by the judgment of the circuit court.

In the meantime Judge Givins had died. When the case came on again in the county court, the regular judge, although previously declining to sit in the case, acted as the judge in entering the necessary orders for carrying into effect the judgment of the higher court. The commissioners apportioned the costs of the proceeding and of the construction according to the reviewers' reports as modified by the judgment of the circuit court, and the contract was let for the construction. The apportioned costs were certified to the sheriff for collection, as taxes are collected, from those parties who were

shown by the reviewers' reports and the final judgment of the county court to be liable therefor.

This suit was then brought in the circuit court by appellants, some 25 of the parties to the original proceeding (though neither petitioners or remonstrants), to enjoin the levy and collection of the assessments against them on the alleged ground that the judgment of the county court levying the assessment, and all proceedings under it, were void. A number of grounds were asserted in the petition of appellants as basis for this contention. The circuit court sustained a general demurrer to the petition, and, the plaintiffs electing to stand on the sufficiency of its allegations, it was dismissed, and they have appealed. In view of the fact that the able counsel for appellants present in their argument on this appeal but two of the grounds asserted in the petition, we do not notice the others. The two presented are (1) that the selection of Judge Givins as special county judge in the proceeding was unauthorized, and was contrary to the statute and void; (2) that the regular county judge, being a party in fact and in interest in the proceeding, was disqualified to act as judge of that court in that case upon its return from the circuit court, and that his judgment was void because of that fact. Ky. Stat. Sec. 1059, is relied on by appellants in support of their first ground. It reads: ''Whenever the county judge, shall be absent, or unable, from any cause, to attend or hold the county court, or preside at any trial or prosecution, * * * it shall be the duty of the county clerk to at once give notice of the fact to the justice of the peace of the county residing nearest to the courthouse, who shall, upon such notice, hold the court, and a justice who holds the court shall be invested,

for that purpose, with all the powers conferred upon the county judge, and shall for his services be paid by the county a reasonable compensation.'' In circuit and quarterly courts, when the regular judge is disqualified, or does not serve, the parties are authorized to agree upon another to serve as special judge. Sections 968, 1056, Ky. Stat.

Whether it is competent for parties to so agree in the county court that they would after judgment be estopped in an attack upon the proceeding collaterally is not necessary to decide in this case. Nor do we pass upon the effect of the tacit assent of the appellants, parties to the proceeding in the county court, in suffering the special judge, selected by agreement of some of the parties to the case, and not objected to by any of the parties, to preside as judge of the court. That court had jurisdiction of the proceeding and of the parties. Appellants were made parties in the manner pointed out by the statute. The question here presented is not whether they consented to a jurisdiction which had not attached; for the jurisdiction was of the court, not of the person who presided as judge of the court. It may be conceded that his selection was irregular, and was an error available to any party by objection, and upon appeal, or perhaps by prohibition. The fact remains, however, that Judge Givins assumed to act as judge of the court under color of authority, and in the belief that his selection was legal. He was not a tortious usurper. He was the de facto judge of the court, inasmuch as he was actually in possession of the office, exercising its functions in that cause, and acting under the color of title. Stokes v. Kirkpatrick, 1 Metc. 138; Rice v. Commonwealth, 3 Bush, 14; Chambers v. Adair, 110 Ky. 942, 62 S. W.

1128, 23 Ky. Law Rep. 373; Elliott v. Burke, 113 Ky. 479, 68 S. W. 445, 24 Ky. Law Rep. 292.

By color of title is meant an apparent right to the office, a pretense under semblance of authority, though the authority is lacking and its pretended exercise void. Henry v. Commonwealth, 126 Ky. 357, 103 S. W. 371, 31 Ky. Law Rep. 760; Scholl v. Bell, 125 Ky. 750, 102 S. W. 248, 31 Ky. Law Rep. 335.

There is a radical and fundamental distinction between a de facto office and a de facto officer. The former cannot exist except in case of revolution, a complete overturning of constitutional authority, and the usurpation of all power of government by occupants exercising a force superior to the constitutional authorities. Such was decided in Hildreth v. McIntire, 1 J. J. Marsh. 206, 19 Am. Dec. 61, where Judge Robertson said, inter alia: ''There might be under our Constitution, and there have been de facto officers. But there never was and never can be under the present Constitution a de facto office.''

If the appointing power was validly exercised, the officer would be the lawful incumbent. The essential to the creation of an officer de facto is that his incumbency should not be legal, but that it should be exercised by virtue of some election or appointment attempted as of legal right, but invalid for want of power in the appointing body, or because of the defect in the election. Here it was believed by the acting parties, their counsel, the clerk of the court, and the judge selected, that the parties could, by their agreement, invest him with the prerogatives of the office. He was, under that belief, appointed, accepted the appointment in good faith, and acted as judge under it. Rights of third parties have been acquired under that proceeding—that of appellee

Dishman, the accepted bidder, who became the con-
tractor for the work. All who were affected by the
judgment in the proceedings, the parties and the
public acquiesced in the selection of the special judge
and in his acting as such. He had every essential
feature of an officer de facto. The judgment and
other proceedings had in the court of which he so
acted as judge are binding in a collateral attack.
Freeman on Judgments, Sec. 148.

The proceeding to establish a ditch was one to
create a tax liability upon a particular territory. All
who owned real property that would be benefited by
the improvement, and lying within its zone, are liable
to the payment of the tax that might be assessed
against each of them. In this instance the regular
county judge, Judge Hart, owned property within
the territory to be assessed. He did not make de-
fense to, nor did he petition for, the improvement.
He was a necessary party to the proceeding, if his
property was to be taxed for the establishment of
the ditch. The proceeding is quasi judicial. Many
of its features are ministerial only. Some of them
are in a sense legislative. The county judge is ex
officio a member and president of the fiscal court that
lays the county levy tax, and incurs obligations to
be met out of the public revenues. He appoints su-
pervisors of the tax books, who may raise or lower
the assessment of his property. In all these and in
other similar matters he acts officially where his per-
sonal interests are involved, and are affected by his
action. Courts are frequently called on to pass upon
the validity of tax levies, rates, bond issues, and the
like, where the judge is a taxpayer whose interests
are affected as are those of other taxpayers of the
community. His interest is one in common with
that of the public.

In establishing a ditch under the statute, while the situation is somewhat analogous to that of levying a tax, yet the judge in controverted cases must preside at the trial, charge the jury as to the law, and exercise a judicial discretion in many particulars. In all these where he is a party to the proceeding, and where his personal interest is involved, he would seem to be incompetent to sit in judgment upon the case. Where there is anything to be decided by him, where he can profit by his own decision, he is disqualified to act, and, if he acts, his judgment is void. But it has been held, and it seems in good sense, that a judge if sued can enter judgment against himself, if he does not controvert the grounds of suit. Thornton v. Lane, 11 Ga. 459. After the judgment in the circuit court, there was nothing to be adjudicated—no dispute of fact or of law. That which remained to be done was formal and ministerial. It might have been required of the clerk of the circuit court, or by the sheriff alone, if the Legislature had seen fit. But to keep a record of the whole proceedings in that office—the office of the clerk of the county court, where other liens are required to be registered it was provided that the original papers and a copy of the judgment in the circuit court be transmitted to the county court, which should proceed to execute the judgment of the higher court. There being nothing to be decided henceforth by the county court, there was no impropriety in Judge Hart's acting in the matter, no more than if the judgment had been against the clerk of the court, and he had been required to issue execution against himself.

Judgment affirmed.