## Fishback v. Trustees Graded School District, Etc.

(Decided February 28, 1913.)

### Appeal from Barren Circuit Court.

1. Schools and School Districts—Order Directing Election on Question of Voting Tax—Deputy Sheriff May Execute Order.—A deputy sheriff may execute an order of the county court directing the holding of an election on the question of voting a graded school tax, and has the same power as his principal to appoint the election officers under the statute.

2. Schools and School Districts—Trustees of Graded School De facto

Officers—Collateral Attack Upon Levy Made by Them.—The trustees of a graded school who have qualified under a certificate of election are *de facto* officers, and a levy made by them cannot be assailed collaterally as void on the ground that they were not regularly elected.

ALLEN SANDIDGE and PORTER & SANDIDGE, for appellant.

BASIL RICHARDSON and BAIRD & RICHARDSON, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

An order was regularly made in the Barren county court under section 4464, Ky. St., directing the sheriff or other proper officer to open a poll in School District No. 47 of Barren county for the purpose of taking the sense of the legal white voters in the proposed graded common school district upon the proposition whether they would vote a tax as provided in that section. The election was held as directed in the order, and resulted in favor of the tax. The certificate of the canvassing board was filed in the county court, and recorded there. The trustees certified to be elected by the certificate qualified and levied a tax. After the levy was made, Mrs. O. H. Fishback, brought this suit to enjoin the collection of the tax on her property. The circuit court dismissed her petition, and she appeals.

Sections 4467, 4468 and 4469, Ky. St., are as follows:

"The said sheriff or other officer shall appoint a judge and a clerk of the said election, who shall take and subscribe to an oath for the faithful performance of his duties. On the day set apart for the election, the officers shall open a poll, and shall propound to each voter who may vote the question: "Are you for or against the graded common school tax?" And his vote shall be recorded for or against the same as he may direct." (Sec. 4467, Ky. St.)

"If it shall appear that a majority of the votes cast at the said election were in favor of said tax, then it shall be the duty of the county judge, to cause the certificate of the examining board showing the amount of tax voted, and the names of the six trustees elected, to be entered of record in the order book of his court, and to give a copy thereof to the county superintendent, who, in connection with the trustees, shall organize a graded common school in said district in accordance with the provisions of this law." (Sec. 4468, Ky. St.)

"The graded common school districts, when organized as aforesaid, are hereby incorporated, and each of them shall be under the management and control of a board of six trustees. The first board to be elected at the same time and place, and by the same persons who vote at the election for the tax, as provided in sections 4464 and 4467 of this law, and the six persons receiving the highest number of votes shall be declared elected trustees." (Sec. 4469, Ky. St.)

The election in controversy was held by a judge and clerk appointed by the deputy sheriff who executed the order of the county court. It is insisted that the election was void for the reason that only the sheriff was authorized to appoint the officers of the election; and that this delegated authority could not be delegated to his deputy. Sections 4560 and 4587, Ky. St., are as follows:

"Every sheriff may, by and with the approval of the county court, appoint his own deputies, and may revoke the appointment at his pleasure. Before any deputy shall proceed to execute the duties of his office, he shall take the oath required to be taken by the sheriff." (Sec. 4560, Ky. St.)

Sheriffs shall, by themselves or deputies, attend and keep order in the circuit, county, fiscal and quarterly courts of their respective counties. They shall obey the orders of said courts, and for failing to attend, or, if in attendance, for failing to keep order or to obey the orders of the court, may be summarily fined, not exceeding twenty dollars, by the court in which the offense is committed."

It will be seen that the sheriff shall by himself or deputies obey the orders of the court. This necessarily means that he or one of his deputies may execute any order of the court. A deputy sheriff may execute a writ of *fieri facias,* although under the statute it may be necessary for him to appoint valuers to value the property or to set apart a homestead. He is but the shadow of his principal, and in executing an order of the court, he has all the authority of his principal. We therefore conclude that the election officers were properly appointed.

It is insisted that the trustees were not properly elected, and that they are not *de facto* officers because there is no *de juri* office; but the election having been

duly held, the tax having been voted, and the result of the election having been ascertained and established as provided by the statute, the graded school district came into existence, and there was an office. The trustees are at least *de facto* officers, and their acts cannot be attacked collaterally in a proceeding like this. (Chambers v. Adair, 110 Ky., 942.)

Judgment affirmed.