For the reasons indicated, the judgment is reversed and the cause remanded.

---

## CITY OF CHRISTINE v. JOHNSON et al.
### (No. 6997.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1923. Rehearing Denied Nov. 7, 1923.)

1. Officers ⬤⟐41—"De facto officer" defined as one claiming under color of election or appointment, commonly reputed to be such officer and acquiesced in by public.

An "officer de facto" is one claiming and possessing a legally existing office under color of some election or appointment, commonly reputed to be such officer and acquiesced in by the public.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

2. Municipal corporations ⬤⟐147—Mayor and aldermen holding office under invalid election "de facto officers."

Where the majority of the voters at a city election chose certain officers to fill the offices of mayor and aldermen, which officers entered into and performed the duties of the offices with the knowledge and consent of the voters, they were "de facto officers," though the election at which they were elected was invalid because not held on the day prescribed by law.

3. Municipal corporations ⬤⟐167—Suit by de facto officers may be ratified by succeeding de jure officers.

Where de facto officers of a city authorized the institution of a particular suit, held that, if necessary, it was within the power of succeeding de jure officers to either ratify the employment of counsel to institute the suit, or give new authority to prosecute it whether legally instituted or not.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Action by the City of Christine against E. M. Johnson and others, wherein defendants filed a plea of abatement. From a judgment sustaining the plea and dismissing the cause, plaintiff appeals. Judgment reversed, and cause remanded.

W. M. Abernethy, of Jourdanton, for appellant.

Walter E. Jones, of Jourdanton, for appellees.

FLY, C. J. This is a suit instituted by appellant against E. M. Johnson, J. H. Norwood, and F. L. Henry, on June 28, 1921, to recover against Johnson, as treasurer of the city of Christine, and the other two as sureties on his bond as said treasurer. Appellees filed a plea in abatement to the cause of action on the ground that the alleged officers of the city who authorized the institution of the suit in 1921 were in law or fact the officers of the city and had no right, power, or authority to institute suit or have the same instituted, because, if elected, they were elected on a day not authorized by law for holding the election. The plea in abatement was sustained and the cause dismissed.

The city was regularly incorporated under the provisions of the law in 1910, and has been in existence since that time, and had in 1922 an administration admittedly duly and legally elected. The suit was authorized by a mayor and aldermen elected on April 2, 1920, which was not the first Tuesday of April as provided by law, and that action was ratified by a mayor and aldermen elected on April 2, 1921, which was not the first Tuesday in April, and was again ratified by an administration duly elected on the first Tuesday in April, 1922.

[1, 2] An "officer de facto" is one claiming to hold an office, legally existing, and is in possession of the office and performing its functions, being commonly reputed by the public to be such officer, and acquiesced in by them, who claims it under color of some election or appointment. Even persons who are performing the duties of an office with

the knowledge and acquiescence of a majority of the citizens, although not appointed or elected, may be officers de facto. McQuillin, Mun. Corp. § 480; Ex parte Tracey (Tex. Cr. App.) 93 S. W. 538; Cox v. Railway, 68 Tex. 226, 4 S. W. 455. It follows that where the law has provided that an office may be filled legally, then the acts of an incumbent of such office may be valid, even though he was not legally elected or appointed. As said by the Court of Appeals of Kentucky, in the case of Coquillard Wagon Works v. Melton, 137 Ky. 189, 125 S. W. 291:

"The essential to the creation of an officer de facto is that his incumbency should not be legal, but that it should be exercised by virtue of some election or appointment attempted as of legal right, but invalid for want of power in the appointing body, or because of the defect in the election."

This declaration of law fits the facts of this case. There were legal offices to be filled, there were elections to fill those offices, and a majority of the voters at those elections chose certain officers to fill the positions, and they entered into and performed the duties of the offices with the knowledge and consent of the voters. Defects in the election, no matter how grave, could not prevent the mayor and aldermen from being de facto officers. The principle that the acts of de facto officers are valid extends to officers composing a city council or Legislature as well as to other municipal officers. Dillon, Mun. Corp. § 518; Demarest v. Wickham, 63 N. Y. 320.

[3] It probably becomes unnecessary to pass upon the question of ratification of the acts of the council of 1920, although it would seem that it was entirely lawful for the de jure council of 1922 to either ratify the employment of counsel to institute the suit or to give new and undoubted authority to prosecute the suit whether legally instituted or not.

The judgment will be reversed, and cause remanded to be tried upon its merits.