## Willis, et al. v. Skinner, et al.

(Decided November 20, 1925.)

### Appeal from Calloway Circuit Court.

1. Officers—Those in Possession of Offices Under Color of Title are De Facto Officers, whose Acts are Valid and Effectual, so far as Affecting Public and Third Persons.—Those in possession of public offices under color of title are de facto officers, and their acts are valid and effectual, so far as they affect public and third persons.

2. Schools and School Districts—Members of Colored School Board Held at Least De Facto Officers, Holding Under Color of Title Pursuant to Election.—Where it was shown that the election of members of colored board of education was regular in all respects, except as to nominating petitions, that certificates of election were duly issued to them, and by virtue of such election they met and organized, after being duly sworn as required by Ky. Stats., section 3587a-5, held, such officers were at least de facto officers, holding under color of title.

3. Schools and School Districts—Acts of De Facto Members of Colored Board of Education in Levying School Tax Cannot be Collaterally Attacked on Ground Members Not Properly Elected.—The acts of colored board of education in levying school tax for colored grade school could not be collaterally attacked in a suit by taxpayers to enjoin collection of such taxes on ground that such members were not properly elected, in that the nominating petitions required by Ky. Stats., section 3587a-7, were irregular.

J. C. SPEIGHT for appellants.

COLEMAN & LANCASTER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an action to enjoin the collection of a school tax levied in May, 1923, for the benefit of the colored

graded schools of Murray, Kentucky. The lower court dismissed the petition, and from that judgment the appellants, plaintiffs below, bring this appeal.

Two points are relied on in this court for reversal, both of which are essentially based on the same ground, i. e., that the members of the colored board of education which levied and certified this tax for collection had not been legally elected and hence could not legally levy or certify the tax for collection. It is contended that the election of these members, which occurred at the regular election in November, 1921, is invalid because, although the nominating petitions required by section 3587a-7 of the Kentucky Statutes bore more than the fifty required names on their faces, yet it was proved in the evidence that enough of said names had been signed by others than those whose names were so appended and without their authority to reduce the number below the essential fifty. It is shown, though, that the election otherwise was regularly held, that certificates of election were duly issued to these members of the school board, and that by virtue of such election these members on the first Monday in January, 1922, met and organized after being duly sworn as required by section 3587a-5 of the statutes. Appellants, however, contend that the oaths of the members were not recorded as required by that section of the statutes, and for this reason the board was never legally organized. This is their second point on which they seek to have the tax levied by this body declared illegal.

Those who are in possession of public offices under color of title are de facto officers and their acts are valid and effectual so far as they affect the public and third persons. Coquillard Wagon Works v. Melton, 137 Ky. 189, 125 S. W. 291; Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115. In this case it is clearly shown that the members of the school board which levied the tax in question were in possession of their offices under color of title and therefore they were at least de facto officers. In Fishback v. Trustees of Graded School District No. 47, 152 Ky. 519, 153 S. W. 748, we held that the acts of de facto school trustees in levying a graded common school tax could not be collaterally attacked in a taxpayer's injunction suit to enjoin the collection of the tax on the ground that the trustees were not properly elected. That case is conclusive of the one before us. See also Cham-

bers v. Adair, 110 Ky. 942, 62 S. W. 1128. It follows that the lower court correctly dismissed the appellants' petition, and its judgment is affirmed.