**Dave L. CRAFT, Appellant,**

v.

**William B. HALL, Individually, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

As Modified on Denial of Rehearing
March 4, 1955.

Ben Fowler, Dailey & Fowler, Frankfort, for appellant.

J. Ervin Sanders, Pikeville, for appellee.

MONTGOMERY, Justice.

This is a contest between the appellant, Dave L. Craft, and the appellee, William B. Hall, each of whom claims to have been elected by the Board of Education of Letcher County as County Superintendent of Schools. The action was brought by appellant against appellee Hall and the five present members of the county board of education, asking that appellant be adjudged the duly elected superintendent and that appellee Hall be enjoined and restrained from performing the duties of superintendent of schools of said county, and that the board members be enjoined and restrained from interfering with appellant in the entry into and performance of the duties of office of the superintendent of schools in accordance with his alleged right. The Letcher circuit court adjudged that appellee Hall was the properly elected superintendent of schools for Letcher County.

In the lower court, three questions were raised: (1) whether appellant Craft had the right to maintain this action; (2) whether an election of a superintendent of county schools by a county board of education before January 1 of the calendar year in which he assumes office is a legal or valid election; and (3) in the event that the court should find such an election valid, whether the particular purported election held on December 3, 1953, was a valid and legal election. All of these questions were decided adversely to appellant.

■ Inasmuch as the first question above is not argued in the briefs, no further consideration will be given to it. In our view of the case, it is also unnecessary to discuss the other two questions raised because the election is held invalid for the reasons hereinafter set forth.

On December 3, 1953, the Letcher County Board of Education, then composed of Ray Collins, Kerney Day, Lundy Adams, B. F. Wright, and E. G. Skaggs, considered the matter of employing appellant as superintendent of Letcher County schools for four years, beginning July 1, 1954, and ending June 30, 1958. The vote was as follows: Collins, Day, and Adams voted "Aye", with Wright and Skaggs not voting. A contract was prepared and executed pursuant to this action of the board but has not yet been approved by order of the board.

Previous to this meeting, Lundy Adams, then a member of the Letcher County Board of Education, was appointed as election commissioner on August 23, 1953. Ouster proceedings were filed against him as a member of the board of education, resulting in a ruling adverse to Adams, decided by this Court on May 7, 1954, as modified on denial of rehearing June 18, 1954, cited as Adams v. Commonwealth ex rel. Buckman, Attorney General, Ky., 268 S.W. 2d 930, 932.

In this decision, it was held that the offices of election commissioner and county

board of education member are incompatible; that Adams, by the actual entering upon the performance of the duties of the office of election commissioner, had accepted same; and that his choice of the second office vacated the first office of member of the Letcher County Board of Education.

The stipulation of facts as taken from the opinion in Adams v. Commonwealth ex rel. Buckman, supra, states in part, "that Dr. Adams was appointed by the State Board of Election Commissioners on August 14, 1953; that on August 23 he presented his appointment to the county court clerk and executed bond, but did not take the oath of office; and that between October 16 and November 2 he performed certain duties as a member of the county board of election commissioners."

At a special meeting of the Letcher County Board of Education on June 23, 1954, the board employed appellee Hall for the same term for which appellant had previously been elected. At this meeting, Skaggs, Wright, and James Whitaker, a new member of the board, voted "Aye" in favor of appellee Hall; Day voted "No", with Collins being absent.

From the stipulation above, it is seen that Adams had accepted the office of election commissioner by performance of duties as such on August 23 and again between October 16 and November 2, 1953, and under the above decision, thus vacated his office as member of the county board of education prior to December 3, 1953. At the time of the meeting of the county board of education when appellant was elected, Adams was no longer a member of the board; therefore, his vote was invalid.

At the meeting of the board on December 3, 1953, there were four qualified board members present. Two qualified members, Collins and Day, voted in favor of the contract for appellant, with Wright and Skaggs not voting. The four members constituted a quorum of the board. Three of the members voting in favor of Craft would have been a sufficient majority and could have acted for all. KRS 446.050, and Montgomery v. Claybrooks, 213 Ky. 493, 281 S.W. 469. The failure of appellant to receive a majority vote of the qualified board members present invalidated his alleged election.

Judgment affirmed.