COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General of the Commonwealth of Kentucky, Movant,

v.

W. O. WINSTEAD, Individually, and W. O. Winstead, Member of the Board of Education of Crittenden County, Kentucky, Respondent.

COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General of the Commonwealth of Kentucky, Movant,

v.

Beannie MANLEY, Individually, and Bennie Manley, Member of the Board of Education of Crittenden County, Kentucky, Respondent.

COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General of the Commonwealth of Kentucky, Movant,

v.

Roy CROFT, Individually, and Roy Croft, Member of the Board of Education of Crittenden County, Kentucky, Respondent.

Court of Appeals of Kentucky.

June 28, 1968.

William E. Scent, Reed, Scent & Reed, Paducah, for appellant (movant).

Robert Matthews, Greenebaum, Barnett, Wood & Doll Louisville, for appellee (respondent).

PALMORE, Judge.

These consolidated *quo warranto* proceedings for the ouster of certain members of the Crittenden County Board of Education are before us on a CR 65.07 motion for a temporary injunction to prevent the respondent school board members from officially participating in the appointment of a school superintendent. This opinion is issued in connection with an order overruling the motion.

In considering whether temporary relief should be granted it is necessary to assess the practical and legal consequences of what the school board may or is likely to do if it is denied. Assuming it gives a contract to a new superintendent, and thereafter some of the members are ousted in this proceeding, what will be the result?

In the argument our attention was called to Craft v. Hall, Ky., 275 S.W.2d 410 (1955), in which it was held that the vote of a school board member who had vacated his office by accepting an incompatible office [1] was invalid and could not be counted, even though the judgment of ouster was entered after the vote in question had been cast. The reason for this result was that an office is automatically vacated by acceptance of an incompatible office. A similar provision is made by KRS 160.180(2) and (4), the statutory authority under which the instant proceedings are founded. Therefore, if *Craft* governs, and if the respondents eventually are ousted, interim actions of the board that depend on their vote will be invalid. And if that is so, injunctive relief is not necessary.

We have concluded, however, that even if the ouster proceedings prove successful, the respondents will have been *de facto* officers until the judgment or judgments of ouster are entered, and that their participation in the school board's dealings with third parties will not have been invalid. To that extent Craft v. Hall, Ky., 275 S.W.2d 410 (1955), is overruled.

A school board member who violates KRS 160.180(4) is ineligible for re-election. Letcher v. Commonwealth ex rel. Matthews, Ky., 414 S.W.2d 402, 405 (1967). Thus if *Craft* were followed, and a judgment of ouster under this section were given retroactive effect for all purposes back to the time the violation was committed, every contract made in the interim and which depended on his vote would be retroactively invalidated, or held void *ab initio*. That would include, for example, revenue bond issues. It is our opinion that this is the very result the principle of *de facto* officers was created to prevent.

"An officer de facto is to be distinguished from a mere usurper or one not having some color of title to the office, and to be one whose title is not good in point of law but who is in fact in the unobstructed possession of an office and is discharging those duties in full view of the public in such manner and under such circumstances as not to present the appearance of being an intruder or usurper." Schaffield v. Hebel, 301 Ky. 358, 192 S.W.2d 84, 86 (1946).

In Johnson v. Sanders, 131 Ky. 537, 115 S.W. 772 (1909), a postmaster accepted appointment as a school trustee and acted in that capacity for 18 months. By virtue of Const. § 237 he was ineligible to hold the office of a school trustee. He and another trustee employed a teacher, the third member of the board of trustees not joining. The employment was held valid. "Numerous authorities * * * can be found which hold that while the act of an officer

1. Const. § 165; KRS 61.090.

de facto where it is for his own benefit is void, because he shall not take advantage of his own want of title which he must be cognizant of, but where it is for the benefit of strangers or the public, who are presumed to be ignorant of such defect of title, it is good * * *

"Testing the acts of M.D.L. Greer, while assuming to perform the duties of a school trustee, by the doctrine announced by the authorities, supra, we must conclude that he was a de facto trustee at the time of the employment of appellant to teach the school in question, and as the written contract evidencing her employment was in due form and agreed to and signed by M. D.L. Greer and U. M. Johnson, the first a de facto and the second a de jure trustee, and the two constituted a majority of the board of trustees of the school district, it was binding upon the board of trustees and the district as well." 115 S.W. at pp. 773, 774.

See also Willis v. Skinner, 211 Ky. 340, 277 S.W. 490 (1925), another school board case, in which the court said, "Those who are in possession of public offices under color of title are de facto officers, and their acts are valid and effectual, so far as they affect the public and third persons * * *

"In this case it is clearly shown that the members of the school board which levied the tax in question were in possession of their offices under color of title and therefore they were at least de facto officers." 277 S.W. at page 491.

Since it is clearly settled that one who never has had title to an office in the first place can act as a *de facto* officer, it is bound to be equally evident that one who becomes ineligible after he takes the office acts as a *de facto* officer until he is ousted.

It does not follow, however, that because members later found to be ineligible may participate in the appointment of a superintendent they should be enjoined

pending a trial and judgment on the merits. This device of ousting or attempting to unseat school board members on the eve of the election of a new or re-election of the incumbent superintendent has become an annual game which ought to be discontinued. We think that in the absence of extraordinary circumstances an officer should not be enjoined from the performance of the public's business pending the outcome of an ouster proceeding. That the superintendent's contract is about to expire and a new contract may or will be made is not such an extraordinary circumstance.

Temporary relief is denied.

WILIAMS, C. J., and HILL, MILLIKEN, OSBORNE and STEINFELD, JJ., concur.