James C. **BURKHART**, Individually and in behalf of the voters of Division Two and Division Three of the Harlan County Board of Education, Appellant,

v.

Jimmy **BLANTON** and the Harlan County Board of Education, Composed of Johnny Blanton, Harold Patterson, Curtis Stallard, Barbara Alfred and Robert Jordan, Appellees.

Court of Appeals of Kentucky.

July 2, 1982.

Joseph K. Beasley, Harlan, for appellant.

William R. Forester, Johnnie L. Turner, Forester, Forester, Buttermore & Turner, P. S. C., Harlan, for appellees.

Before HAYES, C. J., and COOPER and WILHOIT, JJ.

HAYES, Chief Judge:

This appeal is from a decision of the Harlan Circuit Court upholding the right of the appellee, Jimmy Blanton, to seek the office of Division Two Representative of the Harlan County Board of Education. The appellant initiated this action in the circuit court, on behalf of himself as a voter and on behalf of all the voters of Divisions Two and Three. The action challenged Mr. Blanton's right to seek the office on the grounds that Mr. Blanton, while sitting on the board of education as a de facto officer, had cast the deciding vote for the redistricting proposal which moved his home precinct into Division Two.

This is the second time that these parties have been before this court litigating the right to the school board seat in Division Two. The prior action arose from the November, 1980 election in which Mr. Burkhart and Mr. Blanton had been opposing candidates. The lower court had disqualified Mr. Burkhart on the grounds that he was a schoolteacher and therefore ineligible to serve on the board. That holding was affirmed by this court. The circuit court had declared that Mr. Blanton was a qualified candidate, even after finding that he did not actually live in District Two. Mr. Blanton had been mistakenly voting in the wrong precinct. The Harlan Circuit Court applied a line of cases involving the rights of voters to choose the precinct where they would vote when the boundary lines were so vague as to make uncertain in which precinct they actually lived. This court reversed on that issue stating that those cases applied only where there was an objective ambiguity in the location of the line, not merely confusion in the mind of the voter. Thus, both of these candidates were disqualified. Since no candidate could have been shown to have received a plurality of the legal votes cast, a vacancy was declared. The events complained of in the present action occurred before the Court of Appeals opinion was final.

On April 22, 1981, the Harlan County Board of Education unanimously voted to merge with the Lynch Independent School District. The school board then proceeded with the redistricting required upon merger by KRS 160.210(3). A redistricting plan was approved by the Harlan County Board of Education on May 13, 1981. A copy of the board minutes was introduced as a stipulated exhibit in circuit court. The vote on the redistricting plan was three in favor, two opposed. The point of contention in the present action is that the redistricting plan moved the Loyall School Precinct, the home of Jimmy Blanton, into Division Two, the district from which Mr. Blanton had been improperly elected. The redistricting vote was taken after the Court of Appeals had declared Mr. Blanton's election to be void. However, the Court of Appeals decision was not yet final. Mr. Blanton was still sitting as a member of the board and cast his vote in favor of the redistricting proposal.

Following the redistricting and the judicial declaration that the Division Two seat was vacant, Barbara Alred was appointed pursuant to KRS 160.190(1) to sit on the board until a successor was chosen. Pursuant to KRS 160.190(2), an election was scheduled for November, 1981, to fill the unexpired term. Since Mr. Blanton's precinct had been moved into Division Two, he filed for election to the seat. Three other individuals also filed for the same office.

On October 14, 1981, Mr. Burkhart filed this action challenging Jimmy Blanton's right to run for the office. The relief sought was a declaration that the redistricting plan be set aside and that Jimmy Blanton be declared ineligible to run for the board of education in Division Two. By an amended complaint, the plaintiff joined the other candidates as defendants so that a complete adjudication could be had. The plaintiff never sought any relief against these other three candidates.

Answers were filed on behalf of Jimmy Blanton and on behalf of the board of education. The board also filed an answer to the amended complaint. Cross-claims and third-party complaints were filed by Jimmy Blanton. The record does not reveal any ruling upon the plaintiff's motion for temporary injunction to delete the name of Jimmy Blanton from the November ballot. During that time, Mr. Blanton was elected and is now serving as a member of the board from Division Two.

An evidentiary hearing was had before the circuit court on February 10, 1982. A judgment and findings of fact were entered by the circuit court on February 26, 1982. The court upheld the plaintiff's right to challenge Jimmy Blanton's credentials prior to the election citing *Fletcher v. Teater*, Ky., 503 S.W.2d 732 (1974). The court also held that the plaintiff was not limited to challenging the redistricting under KRS 162.210(4), since that procedure was available to individuals challenging the equalization of population among districts and did not include challenges to geographic irregularities. The court went on to find the redistricting was required as a result of the merger of the two school systems and that Mr. Blanton's vote in favor of the redistricting was not improper because he was sitting as a de facto officer. Further, since Mr. Blanton did not acquire any right under the redistricting plan that did not equally accrue to every other resident of District Two, he was not precluded from running for the office merely because he had voted for the redistricting plan while sitting as a de facto officer. This appeal ensued.

■ The appellant has proceeded as though he were appealing from the result of an election contest under KRS 120.075 and 120.015. The proper method for challenging the qualifications of a candidate is by the procedure set out in KRS 118.176. However, the appellee has not addressed this issue and has actively participated in the presentation of the merits of the case. This action began not only as a challenge to one of the candidates, but also as a challenge to the redistricting which had been done by the school board. Therefore, we hold that KRS 118.176 does not strictly apply to this case and consider the merits.

In his brief, the appellant abandons any challenge to the redistricting plan as approved. Therefore, the sole issue presented is whether a school board member, sitting as a de facto officer, who casts a deciding vote in favor of a redistricting plan which moved his precinct from one district to another may run for the school board seat in his new district.

The appellant contends that the only motivation behind the placing of the Loyall School Precinct in the second district was to permit Jimmy Blanton, who lived in that precinct, to run for the District Two seat on the school board. Jimmy Blanton cast the deciding vote in favor of the redistricting proposal after the Court of Appeals had ruled that his election was improper due to the location of his residence, but before that decision was effectuated by the issuance of the mandate of this Court. Therefore, appellant argues, Jimmy Blanton should be forever barred from seeking the second district seat unless he moves his residence into another precinct which was already part of the second district prior to the redistricting.

■ When the redistricting which moved Loyall School into the second district was proposed and approved, Jimmy Blanton was sitting as a member of the school board by virtue of his election to that office. The fact that his right to that office was then under attack did not in any way inhibit his authority and duty to act on matters before the school board. As the Kentucky Supreme Court stated in *Petrey v. City of Hazard*, Ky., 346 S.W.2d 534, 535 (1961):

The election, certification and insuing action of the four commissioners in qualifying for and assuming office certainly created the color or title necessary to sustain their official actions against this collateral attack. *Willis v. Skinner*, 1925, 211 Ky. 340, 277 S.W. 490. It makes no difference that a contest was in progress. The color of office was good until the matter was finally settled and closed on receipt of the mandate of this court.

It is clear that Jimmy Blanton's vote did not in any way taint the approval of the redistricting which was necessitated by the merger with an independent school system. The appellant has even dropped his attack upon the redistricting itself. However, he contends that since Jimmy Blanton was sitting as an officer de facto rather than de jure, he should never be permitted to benefit from the fact that his home precinct is now in District Two. The appellant cites no authority for the result that he urges other than the general proposition drawn from *Johnson v. Sanders*, 131 Ky. 537, 115 S.W. 772 (1909) and *Commonwealth ex rel. Breckinridge v. Winstead*, Ky., 430 S.W.2d 647 (1968), that the act of a de facto officer which is for his own benefit is void. However, the principle, as it is set out in these two cases, requires that the act which the de facto officer himself took be voided in order to avoid the benefit to that individual. The principle is not such as would permit the act to stand while excluding the de facto officer from the benefits of the act.

It appears that the redistricting itself was done in compliance with the requirements of law. The action of Jimmy Blanton in voting for the redistricting proposal was as proper as if he had been a de jure officer. There is no reason to exclude Jimmy Blanton from the enjoyment of all of the privileges of a resident of the Loyall School Precinct which include, assuming all other eligibility criteria are met, the right to seek the second district seat on the Harlan County school board.

The judgment is affirmed.

*All concur.*