## CHARLESTON.

BANK OF MARLINTON *v.* POCAHONTAS DEVELOPMENT
COMPANY AND OTHERS.

Submitted April 5, 1921.        Decided April 12, 1921.

1. JUDGES—*When Special Judge Retires After Removal of Disability of Regular Judge, the Latter May Conduct Further Proceedings.*

   Where, because of interest in a cause, the judge of a circuit court cannot properly preside at a trial thereof, and a special judge is elected, and during the prosecution of the cause such disability is removed and the interest of the regular judge in the cause entirely extinguished, and he is dismissed therefrom as a party, and the special judge elected to preside at the trial thereof retires as such special judge, it is not error for the regular judge to conduct the further proceedings therein.  (p. 416).

2. DISMISSAL AND NONSUIT—*Where Debt of Nominal Plaintiff in Lien Creditor's Suit Has Been Discharged, He May be Dismissed.*

   Where in a lien creditors' suit the debt of the nominal plaintiff has been satisfied and discharged pending the litiga-

tion, it is proper for the court to dismiss such nominal plaintiff from the suit, and to order the cause to be further proceeded with for the benefit of the other lien creditors who have come into the suit and asserted their liens. (p. 418).

3. RECEIVERS—*Discharge of Special Receiver Refused Until Account Settled, Though Appointed by Disqualified Judge.*

Even though a special receiver appointed in a chancery cause may have been so appointed by a special judge who ought not to have presided because of interest, it is not error to refuse to discharge such special receiver until he has settled his accounts and made disposition of the property and funds in his hands under the order of the court. (p. 419).

4. REFERENCE—*Decree on Commissioner's Report Not Improper Because Commissioner Neglected to State Nature of Notice to Parties of Completion of Report.*

It is not error to enter a final decree upon a commissioner's report in a lien creditors' suit because the commissioner fails to state whether the notice which he gave to the parties of the completion of his report was given by mail or personally. (p. 420).

5. RECEIVERS—*Final Decree May be Entered Without Having Accounts of Special Receiver Settled Before Commissioner, Where No Exceptions to Report.*

It is not error to enter a final decree in a lien creditors' suit without having the accounts of a special receiver appointed therein settled before a commissioner, where such special receiver has made a full and detailed report of his transactions to which there are no exceptions. In the absence of any showing that such report is erroneous, the court may confirm the same, and act thereon as though the special receiver's accounts had been settled before a commissioner. (p. 421).

Appeal from Circuit Court, Pocahontas County.

Suit by Bank of Marlinton, for itself and others who might join, against the Pocahontas Development Company and others. Decree for plaintiff, and defendant named appeals. *Affirmed.*

*J. M. Hoover,* for appellant.

*F. R. Hill* and *Andrew Price,* for appellees.

RITZ, PRESIDENT:

This is a lien creditors' suit brought by the Bank of Mar-

linton on behalf of itself and all other lien creditors of Pocahontas Development Company, for the purpose of subjecting to sale in satisfaction of the liens against it the real estate of said company.

After several years spent in an endeavor to have an account of the liens taken and the land owned by the company ascertained, a decree of sale was finally entered, to review which this appeal is prosecuted.

No contention is made by the defendant Pocahontas Development Company that the liens are not valid, or that it is not the owner of the property, or that it should not pay its debts, but every technical defense known to the law has been taken advantage of during the progress of the litigation to delay the same, and to prevent sale of the property in satisfaction of the liens, and the fictitious and insubstantial character of the errors assigned upon this appeal but emphasizes this purpose upon the part of the defendant. No brief is presented on behalf of the appellant in this court, and we might very well say that it has abandoned its assignments of error made in the petition, being of the opinion upon further consideration that the same were lacking in merit. We have determined, however, to consider them and decide the questions raised by the assignments of error in view of the fact that a decision of at least some of them may be necessary in the further prosecution of the suit in the lower court.

The first error assigned is that the decrees entered by the regular judge of the circuit court, including the decree of sale appealed from, should be reversed because said judge was a party to the litigation, and could not properly enter such decrees. It appears that when the suit was originally instituted the lands of the debtor had been returned delinquent and sold for the nonpayment of the taxes assessed against the same, and that the purchaser at such tax sale subsequently was elected judge of the circuit court of Pocahontas county. The defendant had not redeemed the lands from this delinquency, and because of his interest therein as such purchaser such judge was made a party defendant to the suit. When the suit came on for a hearing an order

was entered showing the impropriety of the judge sitting in the case, and directing that a special judge be elected. This was done, and this special judge qualified by taking the oaths prescribed by law, and entered a decree of reference.    He likewise, on motion of some of the lien creditors, acquiesced in by the defendant debtor, appointed a receiver to take charge of the real estate, some of which was improved, and to collect the rents therefrom, pay the taxes thereon, and hold the same pending the further order of the court. Shortly after the institution of the suit the land was redeemed from the delinquency for which it had been purchased by the judge of the court, and he no longer had any interest therein. A decree was entered in the suit showing the redemption of the land from this delinquency, and further showing that the defendant purchaser, who was the judge of the court, was no longer interested in the litigation, and dismissing him as a party to the suit.    Thereafter, the special judge entered an order showing that there was no longer any necessity for him continuing as judge in the case, and vacating his office as special judge, and thereafter the regular judge of the court presided during the progress of the litigation.    Further than this, the order entered in the cause showing that there was no further necessity for the special judge acting, and discontinuing his functions as such, was agreed to on the record by the defendant debtor.    It will be seen from the foregoing that at the time of the entry of the decree of sale complained of the judge of the circuit court of Pocahontas county had absolutely no interest in this litigation.    His interest had been determined and a decree entered so deciding and dismissing him as a party to the cause, and there was no reason, when the special judge who had been elected declined to proceed further with the cause, as shown by the order, for the election of another special judge.    The contention that the regular judge was in any wise disqualified at the time he entered the decree of sale because of interest is without merit, for the reason that the statement that he was then interested in the cause is not supported by the record, and for the further reason that the defendant itself agreed that the cause should be further

heard by such regular judge.    It does not come with very good grace from it at this day to object to his entering these decrees after it had solemnly agreed that he should preside at all further hearings in the suit.

The second and third assignments of error go to the action of the court in dismissing the plaintiff Bank  of Marlinton from the suit and ordering it to proceed for the benefit of the other lien creditors who had, filed answers and asked that their liens be enforced.    It appears that during the progress of the litigation the debt of the Bank of Marlinton was paid off, and it was no longer interested.    Upon this fact being made known to the court, and upon the motion of the said Bank of Marlinton it was dismissed from the cause, and the suit ordered to proceed for the benefit of all other lien creditors who had filed answers and asked to have the benefit of said suit.    Objection is made that the order did not formally make these other lien creditors plaintiffs, and further that it was error to dismiss the Bank of Marlinton from the suit, thus saving it from liability for costs which might thereafter be incurred.    There is nothing in this contention. There was no reason for longer continuing the Bank of Marlinton as a party to the suit when its debt was fully satisfied, and it would have been entirely improper, as we have held, to dismiss the suit because the debt of one lien creditor was satisfied.    By the very provisions of the statute all lien creditors are parties plaintiffs, and the fact that the order did not in so many words make the other lienors who had filed answers in the cause parties plaintiffs does not change their status.    The statute makes them parties plaintiffs in the suit, and the effect of the court's order in directing that the litigation should thereafter proceed for·their benefit made them parties plaintiffs and responsible for any costs thereafter incurred.    *Linsey* v. *McGannon,* 9 W. Va. 154; *Bilmyer* v. *Sherman,* 23 W. Va. 656; *First National Bank* v. *DeBerriz,* 87 W. Va. 477, 105 S. E. 900.

The fourth assignment of error is that the order for the election of the special judge was entered upon the law side of the court, while this cause was and is a chancery cause. We do not know whether the statement is true that the order

providing for the election was entered upon the law side of the court, but whether true or not it appears from this record that it was also entered in this suit as one of the orders made during the progress thereof, and the fact that it also may have been entered upon the law side of the court would not have the effect of invalidating the election of the special judge.

The fifth assignment of error is based upon the refusal of the court to discharge the special receiver who had been theretofore appointed by the special judge, upon the ground that said special judge was disqualified to act as such, because he was a stockholder and director of a bank which was one of the judgment creditors in said suit.    This motion was not made for several years after the special receiver had been appointed and had qualified, after he had collected considerable sums of money from rents from the property, and from sales of certain of the property, which sales were made by said special receiver by agreement of the appellant entered of record.    The motion was made when the case was ready for final decree, when there was nothing further for the special receiver to do except to pay over the money found in his hands as directed by the court and preserve the property until sale thereof could be made by special commissioners who were appointed for that purpose.    It is perfectly patent that the court should not have discharged the special receiver at that time, for the very good reason that such action would have left a considerable sum of money in his hands undisposed of, and to discharge him would only have made necessary the appointment of someone else to preserve the property until the same could be sold.    Such special receiver made a full and complete report at that time of all of his transactions, showing what funds had come into his hands and from what sources, and what disposition he had made of them so far as they had been paid out, and what balance he still held.    There were no exceptions to this report by any party, and the court very properly directed him to pay the balance in his hands, after allowing him certain compensation, to which there is no objection, upon the lien first in order of priority.    This was the proper disposition

to be made of this fund and, of course, in the natural course of the suit, when the special receiver has done this and reported that fact to the court he will be discharged.    Whether the special judge was so interested as to make it improper for him to appoint such special receiver, we need not inquire. No suggestion of the interest of such special judge was ever made until after the special receiver had acted under the decree by the agreement and with the assent of the appellant here.    No purpose could have been served by discharging the special receiver at the time his discharge was asked for. In fact, it would have been entirely improper to discharge him until he had made settlement of his accounts and paid over the fund in his hands.    Clearly this motion was made at the time it was for no other purpose than to embarrass the creditors in the further prosecution of the suit, for it could not be to the judgment debtors' interest to have a receiver discharged who had a considerable sum of money in his hand applicable to the liens.

The sixth assignment of error relates to the disability of the regular judge on account of his interest in the suit, and has been disposed of by what we have heretofore said.

The seventh assignment of error is to the action of the court in overruling appellant's exceptions Nos. 1, 2, 3, 4, 5, 8 and 9 to the commissioner's report.    We will take these exceptions up in their order.    The assignment is not well taken so far as exception No. 1 is concerned, for the very good reason that the appellant's exceptions endorsed to the commissioner's report show that there was and is no exception No. 1.

The second exception insists that it was error to act upon the report of the commissioner, because such commissioner failed to certify the time and manner of giving notice to the attorneys of record of the completion of the report.    The certificate of the commissioner attached to his report shows that he completed it on the 24th of September, 1919, and on that day gave notice to the attorneys of record, naming them.    Section 7, ch. 129, provides that such notice may be given verbally or in writing.    The commissioner does not show whether he gave it verbally or in writing.    The exception does not intimate that such notice was not in fact giv-

en, but it is contended that the report should not be received because the commissioner did not show in which way he gave such notice.    It is apparent that there is no merit in this exception. · The notice was given in one way or the other, and the parties do not complain that they did not have the notice, and it is not very material that the commissioner should state in his report whether he gave the notice by mail or personally.    The rights of no party could be injuriously affected because of this failure.

The third exception is to the action of the court in dismissing the Bank of Marlinton from the suit and ordering it to proceed for the benefit of other lien creditors. What we have before said sufficiently disposes of this exception.

The fourth and fifth exceptions are based upon the failure of the commissioner to settle the accounts of the special receiver.    The commissioner was not directed in the decree of reference to settle these accounts.    The special reciver filed in the cause a very complete and detailed report of all his transactions, and no exceptions are taken to this report by any party.    We can see no reason why expense should be incurred in having the commissioner go over the special receiver's accounts in the absence of some suggestion that there was something wrong therewith, or some necessity therefor.    The court could and did enter a decree upon the report of the special receiver disposing of it and directing the application of the fund still remaining in the hands of such receiver.    To have required the commissioner to settle the accounts of the special receiver would only have caused delay and added additional expense to the litigation, and would have accomplished no beneficent purpose.

The eighth exception goes to the action of the commissioner in reporting a judgment in favor of L. M. McClintic, special receiver, against the apellant, it being asserted that the commissioner made certain findings in regard to this judgment not necessary for the determination of this cause.    Whether this is true or not we need not inquire.    Such findings or inquiries as were made by the commissioner beyond the necessities of the case are unimportant.    He did ascertain and report the material thing to be inquired into, and that

was the validity of the judgment and the status of the lien, and this is not questioned.

The ninth exception is based upon the failure of the commissioner to report all of the land owned by the appellant. If it were true that the commissioner did not report all of the land owned by the appellant, there might be something in this exception, but the hypothesis upon which it is based is not supported by the record. The commissioner found that all of the land owned by appellant was conveyed to it by a. deed from John T. McGraw, dated the 28th of September, 1891, purporting to convey 620 acres; that this land was subsequently divided into town lots by a plat recorded in the county clerk's office, and that the part of this 620 acres which the commissioner reports as being owned by the appellant is those lots which remained after excluding therefrom all lots which it had theretofore sold, and which lots or tracts of land were situate in the town of Marlinton, Edray District, Pocahontas County, West Virginia. Then each of said lots is set out by number and section. From this it sufficiently appears that the land reported is all of the land of the defendant.

This disposes of all of the assignments of error made. We find no merit in any of them, and the decree complained of is affirmed.

*Affirmed.*