## Noe v. Commonwealth.

(Decided March 9, 1937.)

608

R. S. ROSE, J. O. BAKER, R. L. POPE and J. L. HAYS for appellant.

B. M. VINCENT, Attorney General, A. E. FUNK, Assistant Attorney General, and E. H. JOHNSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Otis Noe appeals from a judgment convicting him of murder and sentencing him to life imprisonment. He and others were jointly charged with having killed

Elmon Middleton, county attorney of Harlan county, by placing dynamite or another explosive substance in his automobile in such manner that the turning on of the ignition or starter of the motor exploded it.

There is no transcript of evidence or bill of exceptions before us. The grounds upon which reversal of the judgment is asked are, principally, that the trial court should have vacated the bench upon the defendant's renewed motion, and that he had been placed in jeopardy before the trial which resulted in his conviction.

The Commonwealth has made a motion to dismiss the appeal upon the ground that there is no question properly presented. The basis of the motion is that the court is confined to the single question of whether the indictment supports the judgment and that is not raised by the appellant. Even if that were the only question, it does not follow the appeal should be dismissed. We are of opinion, however, that the points which are argued by the appellant are presented by the clerk's transcript of the pleadings and orders. The motion to dismiss the appeal is therefore overruled.

The defendant was arraigned and entered a plea of not guilty on September 24, 1935. His trial was set for December 4, and he was ordered returned to the reformatory at Frankfort for safe-keeping. In the meantime several motions of the defendant in relation to authorizing his counsel to consult him privately in the prison were acted upon. On December 3 the defendant and his codefendants filed a motion that the judge vacate the bench because of certain statements and acts alleged to have been made and done by him indicating, as the defendants charged, that he would not afford them a fair trial. Affidavits in support were filed with the motion. It was overruled. Likewise a motion for a change of venue was denied.

Orders entered before and in relation to a trial by a jury from Bell county are not in the record. It is disclosed that the case was submitted to it on Saturday morning, January 4, 1936. The jury was discharged without having reached a verdict on Monday, January 6. The case was assigned for retrial on the 8th, and a venire from Clark county was directed to be summoned. On that morning the defendant renewed

his motion that the judge excuse himself from trying the case and supplemented his previous affidavits. There were three grounds for the renewed motion. One was that when the first jury had reported they were unable to make a verdict, the following occurred:

"Court: Have you a verdict?

"Bolton: We have no verdict, Judge. We have been going over this proof ever since Saturday. We have worked every way we could and it looks like it is impossible for us to reach a verdict.

"Court: Mr. Johnson, how do you feel?

"Johnson: I feel that the man is not guilty, Judge. I cannot find him guilty and give him the death penalty.

"Court: I did not ask you to state that. I just asked you to state how you felt about the case. I am going to discharge you. I do it with great reluctance. Six or seven days have been spent here at tremendous expense to the State. I did not ask the juror to blurt out his feelings about what he had to say about it, but I asked to get an expression as to the chance of a verdict.

"Juror: It is impossible, Judge.

"Court: As I have said, I am going to discharge you after the statement made by the juror.

"Johnson: I am sorry but I misinterpreted what you meant.

"Court: You will be discharged and go into the Clerk's office and receive your pay from him. It is very easy to tell what is in a man's heart when he speaks out as you did."

Another ground upon which the motion to vacate the bench was based is that afterward the court made a statement in the courtroom in substance that a number of ex-convicts had been lobbying around during the trial and if they did not stay away he would have them arrested and ask that they be returned to the penitentiary as having violated the terms of their parole. He also allowed one of the defendants bail, but refused it to this appellant and some others. The third ground is that, during the previous trial, the court had permitted the Commonwealth to introduce much incom-

petent and prejudicial testimony against the defendant and had refused his counsel permission to make certain avowals, not disclosed in the record.

A motion that the judge decline to sit in the trial of the case because of disqualification through interest, prejudice, or otherwise is deemed to raise a question of jurisdiction. To be available, it must be made at once upon discovery of the facts upon which the disqualification rests; else it will be waived. Accordingly, a motion must be made before an appearance on the merits or a submission of preliminary motions preparatory for trial. Hargis v. Commonwealth, 135 Ky. 578, 123 S. W. 239; Neace v. Commonwealth, 233 Ky. 545, 26 S. W. (2d) 489; Jones v. Commonwealth, 249 Ky. 502, 60 S. W. (2d) 991. We are of opinion that the original motion came too late. The grounds of the renewed motion having developed afterward may be regarded as having been seasonably presented.

It is possible that a course of gross misconduct of the trial judge may be such as to justify the conclusion of prejudice against party. But certainly that was not manifested here. Erroneous rulings in a former trial or action of the court which lay in his judicial discretion may be grounds for setting aside an adverse result, but they do not afford any basis of disqualification to preside at a subsequent trial. We perceive no merit in the grounds submitted as showing bias or prejudice against the defendant on the part of the judge. Hence, the contention of error requiring a reversal of the judgment on that account must be disallowed.

After the verdict of guilty was returned by the jury from Clark county, a motion for a new trial was filed. It was overruled, and judgment and sentence pronounced upon the defendant. This was on January 14, 1936. An appeal was granted and time given in which to tender a bill of exceptions. Twenty-seven days later, and at another term of court, the defendant filed a motion to arrest judgment and discharge him from custody upon a plea that prior to the trial he had been placed in jeopardy. The plea was rested upon the ground that, without his consent and without necessity therefor, the court had discharged the Bell county jury because of misconduct of the juror in responding to the judge's inquiry that:

"I feel the man is not guilty, Judge. I cannot find him guilty and give him the death penalty."

It was stated in the motion that neither the defendant nor his counsel knew of this fact until after the motion for a new trial had been passed on and until after the term of court had expired at which the defendant was convicted. A similar motion has been tendered in this court since the filing of the appeal. It may be observed however, by way of contradiction, that the colloquy between the judge and the members of the jury was presented at the beginning of this trial as a reason why the judge should vacate the bench. It was contained both in the motion of counsel and in the affidavit of the defendant. The Commonwealth insists that, under the terms of the Criminal Code limiting the ground upon which a motion in arrest of judgment may be made and the time in which it must be filed (sections 276, 277, Criminal Code of Practice), these motions came too late and the defendant waived any right he had to raise the question of former jeopardy. We have concluded to look beyond this barrier the Commonwealth has raised and review the merits.

Confidence is expressed that the plea must prevail under the decision reached in Mullins v. Commonwealth, 258 Ky. 529, 80 S. W. (2d) 606. There, during the course of the trial, a juror separated himself from the others, and the court discharged the jury on that account. This occurred before the hearing of evidence was concluded. Pointing out that the separation of the juror was waived by the failure of the defendant to ask for a mistrial on that account, it was held that necessity for the discharge did not exist and consequently that the plea of former jeopardy must prevail. Here, however, the case had been in the hands of the jury for parts of three days, although it is made to appear they had not been considering it collectively during Sunday. The trial was ended except to agree and return the verdict when the juror unfortunately misconstrued the question asked him by the judge and disclosed his attitude.

In Yarbrough v. Commonwealth, 89 Ky. 151, 12 S. W. 143, 11 Ky. Law Rep. 351, 25 Am. St. Rep. 524, it was claimed that the discharge of the jury because of its failure to agree when the defendant was not pres-

ent entitled him to the benefit of a plea of former jeopardy when he was again brought before the bar. It was held that, since the prosecution of the case was virtually at an end and the mistrial was the result of the failure of the jury to agree, the accused was not to be regarded as having been in jeopardy. In this case the jury had reported its inability to agree after a reasonable time. In order to satisfy himself that they could not reach a verdict, the judge inquired of one of the members specifically, and he emphasized the condition. When he asked another, that juror improperly answered. Although the court stated he would discharge the jury "after" (because of) the statement, when the entire colloquy and conditions are regarded, they disclose that this but merely precipitated a decision, the power to make which was lodged in the judge.

The Code of Criminal Practice, sec. 251, provides, in relation to the jury after retirement, that:

> "If *, * * after being kept together such a length of time as the court deems proper, they do not agree in a verdict, and it satisfactorily appear that there is no probability they can agree, the court may discharge the jury."

While under this express power the judge may not act arbitrarily, his discretion has always been regarded as very broad and its exercise sustained, unless it was shown to have been flagrantly abused to the prejudice of the substantial rights of the defendant. Chaplin v. Commonwealth, 142 Ky. 782, 135 S. W. 298; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336.

The appellant would invoke the rule that, if one instruction out of a series of instructions be erroneous, a reversal of the judgment is required if it cannot be said certainly that the error did not affect the verdict. The deduction is that, if it be regarded that the court had two grounds for action in discharging the jury, one justifiable and the other not, the defendant must be given the advantage. We think more closely analogous is the rule that a decision or judgment will be upheld though it may have been based upon both a good and a bad reason. We cannot hold that the judge here dismissed the jury arbitrarily because of the statement of the juror alone. He was trying to reach a decision, and, although this may have influenced that decision,

that mere influence did not affect his right to act. It was within the discretion of the trial court whether he would hold the jury together longer or discharge them, and he deemed it proper to do the latter. We conclude, therefore, that the plea of former jeopardy must also be disallowed.

There was no renewal of a motion for a change of venue when the case was called for trial the second time, and it is recited in the order that both the Commonwealth and the defendant announced ready. So the argument for a reversal because the motion for a change of venue was overruled and a continuance not granted fails.

Wherefore, the judgment is affirmed.