# Dotson v. Burchett et al.

Nov. 23, 1945.

Combs & Combs and W. W. Burchett for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Petitions to set aside three deeds of J. W. Burchett, deceased, to all of his land to two sons and a daughter were filed in the Floyd Circuit Court in June, 1940. The grounds are mental incapacity and undue influence of the grantor. The regular judge overruled demurrers to the petitions and entered several agreed orders relating to the disposition of the rents and profits. In February, 1942, he declined to preside in the case and the parties agreed upon Honorable Joseph D. Harkins, a member of the Floyd County bar, as a special judge. The cases were consolidated and many depositions were taken and filed with the clerk. At the April term, 1942, Judge Harkins entered an order reciting that since he had agreed to serve as a special judge "there have arisen conditions which render it unsatisfactory to himself to determine such consolidated cases, and he, therefore, declines to do so." On the 14th day of the May term, 1942, an order was entered reciting that the regular judge "is disqualified to try the above entitled causes by reason of relationship and otherwise," and directing that that fact be certified to the Chief Justice of the Court of Appeals for the designation or appointment of a special judge to try the cases, which were by that order set for trial on June 2, 1942. However, on the fourth day thereafter the regular judge entered another order stating that he was not disqualified "by reason of relationship," and that since the entry of the order he had presided in the trial of a contest of the will of J. W. Burchett and had decided that he was not disqualified to try the cases involving the deeds. The order entered on the 14th day of the term was thereby set aside. The plaintiffs excepted.

On the very same day the judge overruled all exceptions to the depositions and rendered a judgment for the defendants. On the appeal by the plaintiffs they

insist that the regular judge having previously disqualified himself and directed that a special judge be named, he had lost jurisdiction and was without authority to take any other action in the case.

It is true that we have often said that an objection to the trial judge raises a question of jurisdiction. Hargis v. Commonwealth, 135 Ky. 578, 123 S. W. 239; Noe v. Commonwealth, 267 Ky. 607, 103 S. W. 2d 104. The statement, of course, has reference to proper power to act judicially in the matter by reason of disqualification. It is a kind of jurisdiction that may be accepted by a party by the failure to raise objection seasonably. That, it may be said, is based upon the principle of waiver or estoppel. In the celebrated and pioneer case of Turner v. Commonwealth, 59 Ky. 619, 2 Metc. 619, at page 630, the court held that where objection is timely made and ''ample cause'' has been shown why it was improper for the circuit judge to preside in a case or make any order therein, he may not do so other than such as may be necessary to the selection of a special judge. And it has been later held that when such disqualification is disclosed, the judge may perform mere formal and ministerial acts but nothing more. Coquillard Wagon Works v. Melton, 137 Ky. 189, 125 S. W. 291. The failure of the regular judge to vacate the bench upon disclosure of such condition constitutes ipso facto a prejudicial error and renders subsequent orders erroneous and reversible, but not void excepting possibly where a judge sits in his own case. Commonwealth ex rel. Meredith v. Murphy, 295 Ky. 466, 174 S. W. 2d 681.

Had the plaintiffs undertaken to have the judge vacate after permitting him without objection to pass on the demurrers to their petitions, they would undoubtedly have waived any right to challenge his qualification later. But here the judge himself thereafter stated of record that he was disqualified and did in fact recuse himself. Nevertheless he sua sponte again assumed control by the order entered on the day the judgment was rendered, to which the plaintiffs objected. It may be that when the judge on his own motion adjudged himself to be disqualified, that was the first information the parties had of it. Of course, there was no need to file affidavits to establish disqualification. Therefore, there was no waiver of any right inuring to the plaintiffs for they objected promptly when that disclosed right

was first invaded by the setting aside of the order of disqualification.

As stated, it has always been regarded that when disqualification is disclosed a judge may make orders of a ministerial nature or provide for the appointment of a special judge. It cannot, therefore, be said that upon vacating the bench the regular judge loses all authority as does one whose term of office has expired. His powers are only suspended so far as they relate to discretionary action in the case.

It is readily conceived that a judge may have stepped aside upon misinformation or an erroneous assumption of fact (such, for example, as kinship to one of the parties) and later the error is discovered; or that he may have been impelled to vacate upon some condition which passes away. In such a state of case, the judge may consider it his duty to resume the bench. Being competent in the first instance to pass on his qualification, why is he not competent in the later instance under changed conditions? He is still the judge of the court. Jurisdiction to make an order necessarily carries with it the power of revision and of revocation when it has been granted improvidently or erroneously, particularly an interlocutory order. Of course, if a special judge has qualified and assumed jurisdiction, the displaced judge has no authority in the case so long as that condition or jurisdiction continues. State v. Woods, 124 La. 738, 50 So. 671; State ex rel. Banks v. Price, 228 Mo. App. 5, 30, 70 S. W. 2d 130.

In Gears v. State, 203 Ind. 400, 180 N. E. 592, a regular judge had disqualified himself on account of bias and had irregularly appointed a special judge for the case, who later in effect withdrew. Because of the irregularity it was held jurisdiction revested in the regular judge to appoint a second special judge in the proper manner, but not to try the case.

In Kirkland v. Kirkland, 146 Ga. 347, 91 S. E. 119, a judge had voluntarily retired and referred the case to another. The ground upon which his retirement was placed was later removed or shown not to have existed. A motion to revoke the order transferring the case was granted by both judges. It was held the first judge was not disqualified but had jurisdiction to preside in the case finally.

Bank of Marlinton v. Pocahontas Dev. Co., 88 W. Va. 414, 106 S. E. 881, is another case in which it was held that where the interest in a cause which had prevented the regular judge from properly presiding had been removed and his interest entirely extinguished during the prosecution of the case before a special judge, it was proper for the regular judge to conduct further proceedings after the special judge had retired.

The contrary view is taken in Kells v. Davidson, 102 Fla. 684, 136 So. 450, 451. Judge Bullock, to whom a case had been assigned, recused himself and it was referred to Judge Stringer pro haec vice. That judge entered an order returning the case to Judge Bullock, reciting that his disqualification was based upon kinship to a party who had since died and the case had been dismissed settled as to his estate. It was held by a divided court that when a judge is once disqualified to officiate in a cause pending, the disqualification continues throughout the proceedings; that the order of Judge Stringer returning the case was error, and that all orders and decrees thereafter made by Judge Bullock were void and of no effect. The Court reasoned: "It would be an unwise provision of law which would contemplate that, when a judge is once disqualified in a cause, the reason for his disqualification could be removed from the record, and thereupon such judge would become qualified to proceed with the disposition of the cause and act as though he had never been disqualified. If this rule were allowed to prevail, designing parties co-operating with a venal judge could remove from the record any evidence of disqualification because of interest or relationship and have the judge who was disqualified because thereof proceed with the disposition of the cause. It is also true that a designing judge could, after certifying his disqualification because of interest, dispose of such interest so that the result of the suit would be no longer material to him and thereby reinstate himself with jurisdiction where it should not be exercised by him. If the judge might actually and in good faith divest himself of interest in a cause so as to become qualified, then it is also possible that he might falsely pretend and wrongfully cause the record to show that he had divested himself of such interest so that he could retain jurisdiction and try his own case. The safe and sound rule is that, when the record once shows that a judge is disqualified in a cause, it

becomes his duty to certify such disqualification, transfer the cause to some other qualified judge, and thereafter take no part in the disposition of the cause."

It seems to us that the reasoning places too much stress upon suspicion or an hypothesis which ought to be revealed before such action is taken, or opportunity be afforded to show the basis to have no foundation in fact.

We are committed in Russell v. Russell, 11 Ky. Law Rep. 547, 12 S. W. 709, to the proposition that it is within the power of a judge who has erroneously recused himself to revoke the order and resume jurisdiction. Upon an affidavit wholly insufficient to establish disqualification, the regular judge had entered an order declining to preside in the trial. Before a special judge had acted, the regular judge concluded he had not been properly shown to be disqualified and again assumed jurisdiction and tried the case. His action was approved because the affidavit did not show him to be disqualified in truth and in fact. The case at bar is distinguishable. Here we have the judicial declaration of the judge, based upon his own personal knowledge, that he was disqualified by "relationship and otherwise." Disqualification was upon an admitted fact. It is true in the order of revocation it is recorded that he was not disqualified "by reason of relationship." We do not know what condition "and otherwise" embraced.

We are of opinion that where the regular judge who has been disqualified revokes the order of recusation, if timely objection is made, the record must clearly reveal the facts upon which revocation is made in order to afford a proper review upon appeal. It is not sufficient for the judge to enter an order merely saying he is not disqualified. Since an order refusing to vacate when sufficient grounds have been established is a reversible error, so is an order by which jurisdiction of the case is again assumed if it was not proper to do so. Under such circumstances, we think it should affirmatively appear that there is no disqualifying fact at the time, the presumption to the contrary existing by reason of the previous action and order.

In the present case the judge had declared his disqualification, not once but twice. There was no objection by either party. There was no disclosure of any fact showing changed conditions. The case had been set for

trial on June 2d before a special judge yet to be named. Over the objection of the plaintiffs, three weeks before that date the judge sua sponte reassumed control, merely saying he was no longer disqualified, and not revealing the facts. Immediately, on the same day, he decided the case against the plaintiffs. The record contained many depositions, consisting of 795 pages, and we doubt if it could have been given full consideration in so brief a time. The plaintiffs waived nothing for they objected and excepted to the judgment also.

It is always delicate and embarrassing where an attorney or client feels that a judge ought not to try his case and is impelled to offer even an informal and off-the-record suggestion of it. The attitude is, of course, greatly magnified when it becomes necessary to offer formal objection and proceed to "swear him off the bench." This court appreciates such an embarrassing situation, and we, too, feel a delicacy in the matter. We realize that most judges are of sufficient integrity and sensitiveness to judicial duty and responsibility to rise above and put away conditions which suspicious parties may think will influence or color their decisions. However, there is always the higher consideration that every litigant is entitled to "nothing less than the cold neutrality of an impartial judge" and should be able to feel that his cause has been tried by a judge who is "wholly free, disinterested, impartial and independent." Commonwealth v. Murphy, 295 Ky. 466, 174 S. W. 2d 685, quoting 30 Am. Jur., Judges, Section 53. Any doubt of qualification, therefore, should be resolved in favor of a party questioning it, bona fide, and upon grounds having substance and significance.

In the recent case of Wilhoit v. Liles, 300 Ky. 564, 189 S. W. 2d 851, we held that a regular judge should have vacated the bench in an election recount proceeding, and, without following the rule laid down in the common-law cases of Massey v. Commonwealth, 93 Ky. 588, 20 S. W. 704, and Kentucky Journal Publishing Co. v. Gaines, 139 Ky. 747, 110 S. W. 268, or modifying those opinions, we proceeded to review the case and reach our own conclusion without giving weight to the finding of the trial judge. The peculiar nature of the case and the need for quick disposition required that that be done. The present record involves questions of fact upon which

much testimony has been presented. It may develop that the right determination of those questions is so close and doubtful that this court would be constrained to follow the decision of the chancellor, whose opinion is always given weight. We think it fair to the litigants and to ourselves that a special judge should first consider the record and decide the case unless facts properly placed in the record show affirmatively that Judge Stephens, the regular judge, is no longer disqualified.

Wherefore the judgment is reversed.

Judge Thomas dissenting.