## Dotson v. Burchett et al.

February 7, 1947.

Joe Hobson for appellant.

Combs & Combs for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In this consolidated action to set aside three deeds executed by J. W. Burchett, deceased, we reversed a judgment for the defendants upon the ground of disqualification of the judge who tried it. Dotson v. Burchett, 301 Ky. 28, 190 S. W. 2d 697, 162 A. L. R. 636. The judge of another district, as a special judge in this case, also rendered a judgment for the defendants, and this appeal is prosecuted from it.

The case presents only two questions of fact, which are whether the grantor had mental capacity to contract and did so according to his own free will. They are to be decided according to rules and standards well established and well known. We have fully considered the six volumes of evidence, much of which is irrelevant and immaterial. Details need not be given here.

The deeds were executed when the grantor was 80 years of age. He owned about 600 acres of land on Cow Creek, seven miles from Prestonsburg, and in his active years was a lumberman and livestock raiser and dealer. He was a man of strong character and determination. In 1938, he was ill with prostrate trouble, and while in a hospital at Paintsville had a lawyer draft a will. After that he renewed his active life. In January, 1939, his wife died. He became ill with his old trouble, arthritis and other ailments. On November 11, 1939, he sent for his lawyer, who came and stayed over the week-end in his home. On November 13th, he executed the deeds attacked. By them he conveyed the greater part of his land to his two sons, Lewis and Keen Burchett. The rest of it, a smaller or less valuable tract, was conveyed to his daughter Bessie Lewis for life, with remainder to her children. At the same time he executed another will, in which he recited that he had disposed of his real estate to three of his children, "the way I desire the same to be divided." He bequeathed $1,000 to his daughter, Maggie Dotson, and a like sum to the children of his deceased daughter, Florence Harris, saying that was all he desired that they and their heirs should receive out of his estate. A week later Burchett executed other deeds to his three grantees in order to make it clear and certain that each should receive the benefit of gas wells which had been developed on the land.

Mrs. Dotson learned of the deeds and the will and

asked her father to let her have the $1,000 at once. He gave her a check for the sum on November 24, 1939, and on March 26, 1940, added a codicil to his will reciting that she had been paid, adding "which shall be her entire interest in my estate and my executor is released from payment of same."

Burchett died April 26, 1940, survived by his two sons, Lewis and Keen Burchett, two daughters, Mrs. Dotson and Mrs. Rivers, and five grandchildren, the children of his deceased daughter, Florence Harris.

On May 20, 1940, these suits to set aside the deeds were filed by Mrs. Dotson and the Harris children against the three grantees. The Harris children dismissed the case settled as to themselves not long afterward. While Mrs. Rivers continued as a defendant of record, she was active on the side of the plaintiff.

The evidence introduced in behalf of the plaintiff (most of it by herself and sister and members of their families) is in substance and effect that before the deeds were made her father did not always recognize her and other members of the family when they visited him, and had several instances of hallucinations. Further, that he was in an extremely bad mental condition when the deeds were made. The plaintiff's evidence is that during the week-end the lawyer was there the old gentleman, his two sons and the lawyer were in an hilarious state of intoxication. If this evidence were all and not contradicted, it would establish mental incapacity. While the two sons were living on the farm and taking care of their father at the time, there is very little evidence tending to prove undue influence by either of them.

The evidence in behalf of the defendants, given not only by the parties and members of their families but by doctors, bankers, other business men and neighbors, was to the effect that at all times the grantor was mentally alert and active, except when he was suffering intensely from his ailments. It very clearly and emphatically contradicts the evidence and its effect to the contrary. The lawyer and others denied that there was any intoxication during the week-end visit. Their testimony as to the grantor's mental condition is that he described the lands according to the division he wished made among the three children, knew exactly what he was do-

ing and why. The defendants' evidence as to all that occurred in connection with the execution of the deeds and the will show full capacity and deliberate and free action.

It is significant that Burchett's first will, executed in 1938, disposed of his estate in substantially the same way as the disposition he made on November 13, 1939, other than the provision for his wife. In the first will he likewise bequeathed to his daughter, Mrs. Dotson, and his grandchildren $1,000 each. The only changes made in the disposition of his real estate was to give Mrs. Rivers about three acres more of land, so as to include a coal opening, and to convey separate tracts to his sons instead of devising both to them jointly. It appears that Mrs. Dotson also contested the last will upon the same evidence, but it was sustained by a verdict and final judgment.

We are convinced that the judgment of the chancellor sustaining the deeds should be sustained.

The judgment is affirmed.