# McGill v. Coomer.

March 15, 1949.

J. L. Richardson, Jr., and H. .O Hackett for appellant.

O. A. Durham and M. Ray Yarberry for appellee.

Opinion of the Court by Judge Cammack—Affirming.

This case involves the custody of Nadine Coomer, the six-year-old daughter of Mrs. Frances Grant Mc-Gill and her former husband, Ulysses Coomer. Mrs. Mc-Gill and her parents, Mr. and Mrs. Preston Grant, are appealing from a judgment awarding the custody of the child to the appellee during the school year, with the further provision that her custody be divided between the appellee and the Grants during the summer months. The grounds urged for reversal are that the trial judge should have vacated the bench and the custody of the child should have been awarded to Mrs. McGill or to her parents.

No question was raised relative to the qualifications of Judge J. C. Carter, Jr., to sit in the divorce proceeding or to hear any of the questions raised subsequently by the parties until this action came on for hearing on November 10, 1947. Counsel for the parties present different versions of what happened on that date. Mr. J. L. Richardson, Jr., states that after the case was called he advised Judge Carter in open court that he had been informed by another attorney that he had made certain statements which indicated bias and prejudice against

Mrs. McGill and that he orally moved the court to vacate the bench. Mr. Richardson said also that Judge Carter said he would vacate the bench if there was an attorney present who had not been connected with the case, but that he proceeded to try the case himself when no qualified attorney was found. On the other hand, counsel for the appellee state that Mr. Richardson asked Judge Carter if he knew of any reason why he should not try the case and render justice in the action; and that when Judge Carter replied that he knew of no reason why he should step aside, Mr. Richardson told the judge that was all he wanted to know. They say also that no oral motion was made by Mr. Richardson for Judge Carter to vacate the bench, and no affidavit or written motion was filed at the time. During the progress of the trial on November 10th, Mrs. McGill became ill and the case was postponed until March 5th, 1948. On that date Mrs. McGill and Mr. Richardson filed affidavits in support of a motion to have Judge Carter vacate the bench. There was filed also a letter which Mr. Fred Faulkner of Campbellsville had addressed to Mr. Richardson in September, 1947. In this letter Mr. Faulkner indicated that he did not think Judge Carter would give Mrs. McGill a fair trial.

This Court has uniformly held that objection to a trial judge, under KRS 23.230, is a question of jurisdiction and to be available must be made before an appearance to the merits of an action, or before the submission of preliminary motions by either party preparatory to a trial. Denny v. Commonwealth, 175 Ky. 357, 194 S.W. 330. See also Hobbs Bros. Drilling Co. v. Cooper, 236 Ky. 18, 32 S.W.2d 542, and Allen v. Bach, 233 Ky. 501, 26 S.W.2d 43. We believe the general rule is applicable to the case at bar. It may be that counsel for Mrs. McGill had just cause to believe that Judge Carter had indicated bias and prejudice against his client, and that he raised some question relative to whether the judge should enter upon a trial of the case on November 10, 1947. However, no motion to have the judge vacate the bench was made at that time. Mr. Richardson says he had misplaced Mr. Faulkner's letter, but he did not indicate that he had made an effort to get a copy of such a vitally important communication. The case involves no question of newly discovered evidence and

it presents to us a situation which demonstrates the soundness of the rule generally followed in such cases.

In the original divorce proceeding Mrs. McGill was given the custody of the child for the major portion of the time. Subsequently, the child's custody was given to Mr. and Mrs. Grant for the major portion of the time until the present school year began. Charges are made by both sides as to the unwillingness of the other party to permit visitation or to surrender the child's custody temporarily as directed by the court. The appellants sought to show that Ulysses Coomer was not a fit person to have custody of the child and that his mother's health was such that she could not properly care for it. On the other hand, the appellee's testimony presents a rather sordid picture of Mrs. McGill's conduct while he was in service. The appellee's evidence showed also that Mrs. McGill was pregnant at the time of her marriage to her present husband. Mrs. McGill's husband has quite a lengthy police record for a man 23 years of age. It is shown also that the McGills live in an undesirable section of Louisville in an eleven room frame tenement building occupied by 21 persons. The appellants sought to show that the appellee frequently got drunk and that he failed to support his child. On the other hand, witnesses for the appellee said that he and his mother were good citizens and that the appellee has permanent and regular employment. The Coomers reside within about a half mile of a church and a school. The child is taken to school each day by one of the teachers. The maternal grandparents appear to be persons of very good character, and have ample means to furnish the child a good home, but we are not prepared to say that the trial court erred in refusing to grant them full custody.

For the reasons given we think the judgment should be and it is affirmed.