A. J. DALTON, Appellant,

v.

Douglas R. HOLLEY et al., Appellees.

James M. JOHNSON et al., Appellants,

v.

A. J. DALTON, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Sanders & Hyden, Pikeville, for appellant.

Francis M. Burke, Pikeville, for appellee.

MILLIKEN, Chief Justice.

The merits of the controversy from which these two consolidated appeals have arisen involve the alleged breach of a contract to strip mine coal. The judgment on the merits must be reversed, however, for a procedural reason, so we do not discuss the merits.

The plaintiffs in the main action, which was tried under the old Civil Code of Practice, are Holley, Johnson, et al., and we shall refer to them hereinafter simply as Holley. They filed suit against A. J. Dalton in the Pike Circuit Court for the alleged breach of contract and considerable proof was taken by depositions after the case was transferred to the equity docket in November, 1948. After considerable maneuvering most, if not all, of the taking of proof was completed by November 17, 1951, and Dalton wanted the case submitted for judgment, but Holley opposed submission. Up to this point the part played by the presiding judge was of a ministerial nature so far as the record reveals.

In opposing submission of the case on November 17, 1951, Holley was motivated by the belief that the presiding judge was prejudiced against him and if submission could be deferred until January, 1952, the case would be decided by a new judge, Judge Auxier, who had just been elected at the November, 1951, general election. Holley's fears were based on the fact that his lawyer had been the defeated opponent of the presiding judge in a bitter Democratic primary election in August, 1951, and had been accused of favoring the successful Republican candidate in the November, 1951, general election.

In a suitable affidavit and motion filed on November 17, 1951, Holley asked the presiding judge to vacate the bench, but the judge refused to do so on the theory that he had been the judge in charge of the case for several years and the motion to vacate consequently came too late. Holley's answer to that was that his reasons for requesting the judge to vacate also came into being late in the litigation. On December 8, 1951, the judge overruled the motion to vacate and simultaneously rendered judgment dismissing Holley's petition, and on January 4, 1952, which was

his last day in office, the judge overruled Holley's motion to set aside the judgment.

On January 9, 1952, Holley moved Judge Auxier to set aside the judgment of his predecessor on the ground that it was void because it was rendered without notice conforming to the rules of practice in the Pike Circuit Court. On May 29, Judge Auxier set aside the judgment and a few weeks thereafter referred the case to his commissioner.

■ It is not necessary for us to consider the propriety of the judgment or the order of Judge Auxier setting it aside, for we have reached the conclusion that the former judge should have vacated the bench in the circumstances and permitted his successor or another judge specially appointed for that purpose to decide the case. Not only must litigants have a fair trial but they must, whenever possible, feel that they have had one. In reaching the conclusion we have in this case, we are mindful of the fact that ordinarily a motion for a judge to vacate the bench cannot be made after a general appearance or the submission of preliminary motions, and that it must be made in the beginning or the movant is deemed to have waived his objections. McGill v. Coomer, 309 Ky. 703, 218 S.W.2d 947.

■ But in the case at bar, with the proof taken on depositions, the judge's role was largely ministerial until the controversy was submitted to him for judgment or until he ordered it submitted for that purpose. Until that moment of submission arrived, there was no reason to remove him; if that moment could have been deferred until the end of the term, again there would have been no reason to ask his removal. But the fulminating bitterness of politics permeated the hour of decision, and the judge here involved, man of integrity though we deem him to be, could not pass with propriety on the truthfulness of the charges against him but should have vacated the bench in the interest of justice. Dotson v. Burchett, 301 Ky. 28, 190 S.W.2d 697, 162 A.L.R. 636.

On the appeal of Dalton v. Holley et al., from the order of Judge Auxier setting aside the judgment of December 8, 1951, the propriety of that order is not passed on for the reasons indicated in this opinion. On the appeal of Johnson et al. (Holley), v. Dalton from the judgment of December 8, 1951, etc., the judgment is set aside because we feel the trial judge who rendered the judgment should have vacated the bench. The litigants may now agree upon a judge or ask that a special judge be appointed to pass on the merits in controversy.