**MENIFEE COUNTY BOARD OF EDUCA-
TION et al., Appellants,**

v.

**FISCAL COURT OF MENIFEE COUNTY,
Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1959.

Lewis A. White, Mt. Sterling, for appellants.

Henry H. Bramblet, Mt. Sterling, Squire N. Williams, Sr., Frenchburg, for appellee.

MOREMEN, Judge.

Appellants, Menifee County Board of Education and the Menifee County School

Superintendent (hereinafter called Board) were found guilty in the county court of forcible detainer of certain rooms in the Menifee County courthouse and, upon traverse, were again found guilty by the Menifee Circuit Court. The action had been instituted by the Fiscal Court of Menifee County.

On this appeal, the Board urges as principal grounds for reversal that: (1) The county judge being a member of the fiscal court was thereby disqualified to issue a writ of forcible detainer against appellants; (2) The fiscal court is required by law to provide offices free of charge for the county school superintendent and storage space for school books; (3) If the relationship of landlord and tenant does not exist, the remedy of forcible detainer does not lie; and (4) The fiscal court is estopped to prosecute the writ.

The facts disclose that for many years the Board occupied quarters in the courthouse rent free. However, in October 1950, the fiscal court passed a resolution charging $25 per month rent for the space. The Board began payment of this amount in January 1951, and continued payments through October 1952. On October 7, 1952, the rent was fixed at $40 per month and the resolution specified that this rental was to be paid until further orders of the court. Appellants paid rent under this order through the month of December 1953. During all this time the Board had permitted the court to use certain schoolhouses as voting places without charge.

By letter dated January 21, 1954, the State Board of Education authorized the Board to charge for the use of school facilities as polling places.

On February 26, 1954, the Board entered the following order:

"Order No. 100. On a motion of Mr. Patrick and seconded by Mr. Wilson and by unanimous vote the Menifee County Board of Education hereby orders the Superintendent to contact an attorney for the purpose of looking over invoices for services rendered. Invoices were prepared to send to the Fiscal Court for $480.00 for one year for voting in the school buildings. It is first ordered to get a lawyer's advice on sending statement to the Fiscal Court. This service of voting in the school buildings is equal to the service the Fiscal Court is furnishing the Board of Education for office and storage space in the court house."

On April 6, 1954, the fiscal court passed another resolution and again declared the rent to be $40 per month, but required by the way of additional rent that the court be permitted to use the school buildings for polls. It also directed the Board to pay all delinquent rent and, in the event it did not comply with the condition of the resolution, demanded that the Board vacate the courthouse. The Board did not comply and continued to occupy the premises without paying rent.

The Board was served with notice (KRS 383.140) dated July 5, 1957, that it must vacate the premises on or before August 15, 1957. It failed to vacate by that date and on August 20, 1957, forcible detainer proceedings were commenced in the county court.

Appellants first argue that because the county judge was a member of the fiscal court he was disqualified to issue a writ of forcible detainer. The county judge issued this writ in due course on August 29, 1957. Thereupon the case was continued from time to time until November 11, 1957, when an affidavit was filed calling attention to the fact that the county judge was also a member of the fiscal court and a motion was made to require him to vacate the bench. He immediately vacated the bench and by agreement an attorney was named to act as special judge who, after a hearing, rendered judgment finding appellants guilty of forcible detainer.

The issuance of the initial order was purely formal in character and the county judge was only discharging his ministerial duties. We have held that even after a disqualification of a judge is disclosed, he may perform mere formal and ministerial acts. Coquillard Wagon Works v. Melton, 137 Ky. 189, 125 S.W. 291; and Dotson v. Burchett, 301 Ky. 28, 190 S.W.2d 697, 162 A.L.R. 636.

 The next contention, that the fiscal court under its statutory duty is compelled to provide the county school superintendent with office space free of charge, is based upon a statute found in Carroll's Kentucky Statutes, 1918 Edition, Section 4399a–5 (which did provide for such duty) and the case of Schultz v. Ohio County, 226 Ky. 633, 11 S.W.2d 702, 703, where it was held that said section had not been abrogated or impliedly repealed by an act of the General Assembly of 1920. This new act was rather complete insofar as it related to specific school purposes.

In the opinion it was pointed out that the act of 1920, however, was not amendatory of any previous legislation and did not repeal any law affected unless done by the customary conclusion that: "All laws and parts of laws in conflict with the provisions of the act are hereby repealed." It was decided that this act did not intend to repeal the statute first above referred to. This case was decided in 1928.

The act was passed in 1918, and has been omitted from all compilations of the statutes since that date. In 1934, six years after the Schultz case, the school law of this state was recodified and that act, which is chapter 65 of the 1934 acts of the General Assembly, specifically repeals Section 4399a–1b to Section 4399a–10. In addition, in 1942, the legislature adopted the Kentucky Revised Statutes and omitted the sections under consideration. See KRS 447.-025. The act is no longer in force.

Appellants next contend that if the Board does not have the legal right to occupy space in the courthouse, then they are trespassers against whom a writ of forcible detainer will not lie. We think in this connection it is sufficient to say that the Board was a rent-paying tenant for many years before it decided to cease making payment. The relationship of landlord and tenant had been clearly established.

The question of estoppel raised by appellants is based on the order of the Board which we have copied above. This seems to be only an attempt to force on the court a set-off, whether it was desired by the fiscal court or not. There is no showing that this arrangement was ever accepted by the court and is clearly a matter not connected with the issue in this case as to whether the Board is guilty of forcible detainer.

The appellants have also raised a question as to the right of the court to employ special counsel. That issue also has no place in this controversy.

We believe the judgment is correct and it is therefore affirmed.