# ELIZABETH LOY McCANDLESS MARKS *v.* WALTER D. ACKERMAN, JR., ATTORNEY GENERAL OF THE TERRITORY OF HAWAII.

## No. 2814.

Argued January 19 and 22, 1951.　　　Decided March 20, 1951.

Le Baron and Towse, JJ., and Circuit Judge Wiig
In Place of Kemp, C. J., Retired.

OPINION OF THE COURT BY LE BARON, J.

The Territory of Hawaii by its attorney general filed an action in eminent domain at law to condemn certain land

belonging to and in actual possession of Elizabeth Loy Mc-Candless Marks for the public use of a highway of limited access design and for that of an access road thereto as well as for that of ditches, culverts and other works necessary and incident thereto within the over-all purpose for which the land is sought to be condemned. For convenience, the Territory of Hawaii will be hereinafter called the "plaintiff" and Elizabeth Loy McCandless Marks the "defendant."

After being duly served with summons, the defendant filed a petition for injunction against the attorney general in a court of equity to restrain him in the action at law from moving for an *ex parte* possessory order putting the plaintiff into possession of the defendant's land sought to be condemned therein and permitting it to do work on that land as may be required for the purpose for which its taking is sought. She alleges in her petition that the attorney general threatens to file a motion for such an *ex parte* order in the action at law so as to require and compel the circuit court therein to issue such order under the provisions of section 319 of Revised Laws of Hawaii 1945 as amended by Act 200 of Session Laws of Hawaii 1947 without any opportunity to her to appear and be heard in regard thereto; that such an order will issue and, upon its issuance and after it has become effective as provided by the provisions of section 319 as amended, the plaintiff will enter and do work upon her land pursuant to such order.

The objective to be reached by injunction in the defendant's petition is to prevent the plaintiff from entering and doing work upon the defendant's land prior to final judgment even though the order giving it the right to do so be made in strict conformity with statute. The gravamen of the defendant's complaint in her petition is directed against the ultimate exercise of that right of entry and work rather than the mere initial filing and issuance of the

motion and order, respectively.

To obtain relief from such exercise as a consequence of the threatened filing of a motion for an order of possession in the action at law, the defendant in her petition seeks the aid of equity and for grounds of injunction alleges in substance (1) that the attorney general is "without power and authority to institute and commence" the action of eminent domain at law; (2) that the plaintiff's entry and work as to the construction of ditches and culverts under the threatened order of possession would interfere with "the free, normal and natural flow of water" in a stream on the defendant's land "without right" and "without condemning, or attempting to condemn the same" in said action or in any other and (3) would "take property" of the defendant "without just compensation, in violation of the Fifth Amendment to the Constitution of the United States"; (4) that the plaintiff in said action is "without power, right, authority and capacity to acquire by condemnation * * * any and all of the rights of vehicle access to and from the remaining portion" of the defendant's land; (5) that its entry and work as to the construction of an access road under such order would "constitute a taking of private property for a private use and not for a public use, contrary to the laws of the Territory of Hawaii and Section 55 of the Hawaiian Organic Act and the Fifth Amendment to the Constitution of the United States"; (6) that section 319 of the Revised Laws of Hawaii 1945, as amended, on which the underlying order of possession would be based is invalid and void for the reason that the same violates the Fifth and Fourteenth Amendments of the Constitution of the United States and sections 55 and 81 of the Hawaiian Organic Act; (7) that an Executive Order, which set aside the Master Plan for the purpose of authorizing condemnation and the work to be done under such order, is "invalid and void"; (8) that

the defendant "fears" that the consequences of the threatened filing of a motion for an order of possession and of the resultant issuance of order will be entry and work thereunder, which will cause her "great and irreparable injury, and will harass, vex and annoy" her and will put her "to the necessity of bringing a multiplicity of actions to protect her rights"; (9) "that the questions herein involved can be determined only in a suit of this nature" and (10) that the defendant "does not have a plain, adequate and complete remedy at law."

On reading the petition, the presiding judge in equity granted the defendant's prayer for temporary restraint *pendente lite* and accordingly issued an *ex parte* restraining order enjoining the attorney general from filing a motion in the action at law for an order of possession pursuant to section 319 as amended. The attorney general demurred and for grounds of demurrer alleged *inter alia* that the "petition fails to show a cause of action for equitable relief, and it appears upon the face of said petition that petitioner [defendant] has no cause of action for equitable relief * * * [but] has a plain, adequate and complete remedy at law before the Honorable Court before which said eminent domain proceedings have been instituted and are pending." The judge heard argument on the demurrer and entered an order overruling it after rendering a written decision to the effect that "the territorial statutes on eminent domain are invalid as in conflict with the 'due process of law' guarantee of the federal constitution." From that order the attorney general took an interlocutory appeal to this court and no further proceedings intervened below, the *ex parte* restraining order, however, remaining in full force and effect.

On the petition's allegations of fact the paramount question, presented by the demurrer but not passed upon by the presiding judge in equity, is one of law. It is whether

or not the defendant has "a plain, adequate and complete remedy at law" within the meaning of statute (R. L. H. 1945, § 12402, par. 16) as a limitation upon the otherwise full equity jurisdiction of a court of equity. (See *Enes* v. *Hoopai,* 38 Haw. 126, and *Liu* v. *Farr,* 39 Haw. 23.) An affirmative answer to that jurisdictional question as to the existence of such a remedy in the pending action of eminent domain would be decisive of the instant appeal. Any answer thereto, however, depends upon the operative effect of statute affording or denying such remedy as applied to the defendant's case. That case as established by the petition on demurrer is not one of a threatened injury or wrong. It is essentially a case of a threatened exercise of a statutory right to file a motion for an order of possession in a pending action of eminent domain at law. From that exercise, however, it is alleged that certain injurious consequences will result but there are no facts alleged to demonstrate that full justice cannot be done in the pending action of eminent domain or that matters relied upon in equity as grounds for injunction to prevent those consequences cannot be urged in the pending action at law as a defense and determined therein as a complete answer to the questions involved so as to attain substantially the same remedy as that sought in the instant suit in equity. This absence of alleged facts underscores the jurisdictional question to be decided.

There are no express terms or necessary implications to be found in the provisions of any statute in this jurisdiction to deny the defendant in the action at law the remedy she seeks in equity. On the contrary, there are provisions of statutes on eminent domain therein which are plainly in favor of the landowner and secure that remedy to any defendant in an action of eminent domain. Those provisions are replete throughout sections 306 and 319 of Revised Laws of Hawaii 1945. The more important ones

will be briefly outlined. Section 306 as amended grants the circuit court in actions of eminent domain a new power "on its own motion or on the motion of any party to try and determine any issue in advance of other issues." Section 319 (1) as amended requires that "no order of possession * * * shall become effective until the summons in the action shall have been served personally on such defendants * * * as are available for personal service and if any defendants * * * are not served personally, the first publication of the summons directed to such defendants shall have occurred as provided in section 10061." It further requires personal service of any order of possession to be made "on those defendants who are in actual possession, and in other cases [service] may be made by depositing a copy thereof in a United States post office, postage prepaid, registered mail, addressed to such defendants at their last known addresses, or to their attorneys of record." It declares that "The order placing the plaintiff in possession shall become effective upon the expiration of ten days after service thereof, *provided,* however, that for good cause shown within said ten days, the court may postpone the effective date for an additional period of time." Section 319 (3) empowers a circuit court in an action of eminent domain "to fix and include" in an order of possession "the time within which and the terms upon which the parties in possession shall be required to surrender possession to the plaintiff."

The manifest legislative intent underlying the provisions so outlined is not only to insure due process of law for any taking of property before final judgment in an action of eminent domain but to give the landowner in possession a perfectly fair and adequate remedy for the full protection of his rights of property against any arbitrary and unjust appropriation under an existing order of possession. To effectuate that intent, those provisions should be construed liberally in favor of the landowner as to remedy in so far

as they are in harmony with the common-law principles and constitutional guarantees protecting private property. But they should be construed strictly against the condemnor as to right to enter the land of the landowner without his consent in so far as they are in derogation of such principles and guarantees. (For collection of authorities see 1 Lewis on Eminent Domain 710, § 389, n. 62.) Nevertheless, the provisions themselves are clear and unambiguous. No judicial construction is necessary to say that those provisions vest in the condemnor no right of immediate entry on service of an existing order of possession but rather give to him a contingent right of ultimate entry thereon which is subject to abrogation on the intervention and determination of a complete defense against it. Nor does any right of entry accrue before final judgment until an order of possession is made and served on the defendant and thereafter the remedy against the future exercise of that right is as available in the action of eminent domain at law as it would be in equity in a suit for injunction, the *ex parte* nature of that order itself and the mandatory character of its issuance not being harmful so as to constitute a grievance to be remedied in either proceeding.

The operative effect of sections 306 and 319 as amended empowers a circuit court in an action of eminent domain to bar all acts of entry and work by the condemnor under an existing order of possession until the grievance of the condemnee has been adjudicated. If that grievance be adjudicated favorably to the condemnee and if it be the same as that of the defendant in this case in the matters on which she relies as grounds for injunction, the petition in the action at law would be subject to dismissal or the order may be vacated or modified, or stayed until final judgment when warranted. But if it be adjudicated against the condemnee, the condemnor would be properly allowed to enter and do work on the land for the purpose

for which its condemnation is sought. Illustrative of the ability of the circuit court in an action of eminent domain to grant an adequate legal remedy against the right of entry after it accrues are three statutory powers and one inherent power of that court with respect to an existing order of possession before it has become final and absolute and entry has been made pursuant to it.

The first statutory power is to try and determine any issue in advance of other issues (§ 306 as am.). That power is an extraordinary one. On the court's own motion or on the motion of any party, such power permits all issues pertaining to the contingent right of ultimate entry under an existing order of possession to be tried and finally determined not only ahead of other issues in the case but before that particular order becomes effective so that such disposition of it shall be made as will best serve the interests of justice until final judgment is entered. The second statutory power is to merge the initial ten-day period of ineffectiveness of the existing order of possession into an additional period thereof (§ 319 [1] as am.) so that no actual entry and work shall be done by the plaintiff until all issues of defense thereto have been tried and finally determined, such additional period of ineffectiveness not necessarily terminating on a definite date as claimed by the defendant in this case. The third statutory power is to fix the time for surrender of and entry into possession as well as to include terms within an existing order of possession (§ 319 [3]), *i. e.,* terms that will properly and adequately protect the landowner such as a condition that all issues of defense against the right of entry thereunder be tried and finally determined prior to any surrender of possession by the defendant or to any entry into possession by the plaintiff. Basic to these three powers within the statutory framework for their exercise is a fourth power which is independent of statute. It is the inherent power

of a court of record to control its orders, such as an order of possession before it has become final and absolute, to the extent that it may vacate or modify them in furtherance of justice and also determine the conditions upon which they shall be operative. Thus it has been held that "Jurisdiction to make an order necessarily carries with it the power of revision and of revocation when it has been granted improvidently or erroneously, particularly an interlocutory order." (*Dotson* v. *Burchett,* 301 Ky. 28, 190 S. W. [2d] 697, 699.) All four powers, however, are kindred and so correlated that the exercise of one operates in harmony with the exercise of the others to accomplish by orderly procedure the same result of revision or revocation when that result is warranted.

Reciprocal to the four correlated powers of a circuit court in an action of eminent domain is the opportunity afforded by statute to any defendant to invoke their exercise before the order of possession has become finally effective and absolute. He may do so by demurrer to the petition itself or by motion to vacate or modify the order or by other appropriate pleadings within ten days of service of the order or within such additional time granted therefor on showing good cause why the petition should be dismissed, or why the order should be vacated or modified or stayed until final judgment. Thus, although he may not have the opportunity to be heard for the purpose of forestalling either the filing of the motion or the issuance of the order, the defendant has ample opportunity to be heard on the order itself after service thereof upon him so as to fully protect his rights of property. Seizure of that opportunity would give the defendant a plain, adequate and complete remedy at law against the contingent right of ultimate entry, which is essentially the remedy sought in equity by the defendant in this case. Nor is the character of that remedy impaired or destroyed by the discretionary

nature of the powers of the circuit court to grant it, or by the possibility that that court may abuse its discretion on arbitrarily refusing to exercise those powers or may properly exercise such discretion and powers but erroneously determine the issues involved and thereby disregard substantial rights of property. Consequently it is not necessary to decide that such an abuse would be subject to mandamus, or that such a determination would be subject to appeal as a final judgment so that in either event the defendant may bring his grievance to the supreme court for review. Suffice it to say that the defendant in this case has not attempted to pursue her statutory remedy at law and has invoked no acknowledged jurisdiction of equity in seeking as she does injunctive relief against the filing of a motion on behalf of the plaintiff in the pending action at law for an order of possession which constitutes an exercise of right within the authority of statute and over which the law court has jurisdiction to do full justice. Mere fear or apprehension on her part that there may result from that exercise and from the orderly procedures set in motion thereby injurious consequences, not actually existing or threatened and neither imminent nor inevitable, is not a sufficient ground for injunction. (See *Jo Indian Hunting & Fishing Club* v. *Furman,* 171 N. Y. S. 1015, 1016.)

The general rule pertinent to the defendant's case is that no injunction will lie in equity against prosecution of condemnation proceedings when matters relied upon as grounds for injunction may be urged as a defense in the proceedings themselves. This rule is so strongly entrenched in established equitable principles that no authorities need be cited. (For collection of authorities, however, see 133 A. L. R. 11, Ann., art. III-b, 1, 2, pp. 105-115 incl., entitled "Right to injunction denied: Because of adequate remedy at law: In general, In condemnation proceedings themselves.") Nor does the defendant quarrel

with that rule or attempt to abrogate it. She contends, however, that the rule is not applicable to her case and points by way of illustration to the case of *State Highway Dept.* v. *H. G. Hastings Co.,* 187 Ga. 204, 207, 199 S. E. 793.) That case holds that "* * * the settled general rule that 'equity will not enjoin the prosecution of an action at law because of certain matters which, if defensive to the right [of entry and work by the condemnor] asserted in the action at law, are *as much available as a defense* in that action as in the equitable action' " (citing authorities) does not apply to condemnation proceedings under the statutes of Georgia. Those statutes grant a condemnor, who follows a special procedure, the right of *immediate* entry and work on the condemnee's land despite the filing of a defense by the condemnee against that right. It is clearly distinguishable from the defendant's case in this jurisdiction which has no statutes as those in Georgia granting to the plaintiff any right of immediate entry and work so that regardless of the interposition of a complete defense to that right the plaintiff could enter and virtually destroy all improvements and irreparably damage the defendant's land before her legal rights attempted to be protected by that defense could be determined. The statutory situation affording the remedy at law in this jurisdiction as already set forth in this opinion is thus the antithesis of that denying such remedy in Georgia as depicted in the *State Highway Department* case.

The defendant cites no case which holds that an injunction will lie in equity to restrain the filing of a motion for an order of possession in condemnation proceedings under statutes comparable to those in this Territory when, as here, matters relied upon as grounds for injunction may be not only urged as a defense but determined in those proceedings themselves so that if the defense be valid no injury can result. Nor has this court found any case which does.

On the contrary, the statutory authority permitting those matters to be so urged and determined, when considered in the light of equitable principles denying equity jurisdiction where the complainant has an adequate and complete remedy in a pending action at law, suffice to demonstrate that the general rule applies to the defendant's case.

It is further contended by the defendant that equity will enjoin as of right any unlawful or improper exercise of the power of eminent domain, without regard to the adequacy of legal remedy. She directs that contention to those grounds for injunction which deal with such an exercise and rests it primarily on three cases in foreign jurisdictions and two in this jurisdiction, i. e., D. M. Osborne & Co. v. Missouri Pacific Railway Co., 147 U. S. 248; State Highway Department v. H. G. Hastings Co., supra; Lone Star Gas Co. v. City of Fort Worth, 128 Tex. 392, 98 S. W. [2d] 799; Haw'n Com'l & Sugar Co. v. Kahului R. Co., 11 Haw. 479; King v. Oahu R. & L. Co., 11 Haw. 717. But the authoritative holdings in these cases do not support the defendant's contention of injunction without regard to adequacy of legal remedy. The Supreme Court of the United States in the Osborne case so regarded an adequate legal remedy that it not only affirmed a decree denying injunction but held in effect that the complainant had an adequate remedy at law and therefore was not entitled to injunctive relief. The supreme court of Georgia in the State Highway Department case regarded that remedy by finding in effect that the statutes of Georgia did not provide it so as to bring the case within the general rule. The Texas commission of appeals in the Lone Star Gas Co. case did likewise concerning condemnation proceedings to take the business and property of a public utility before a final adjudication of the question of compensation under the then statutes of Texas. In dealing with the inadequacy of legal remedy, it analyzed those statutes and found them

"wholly inappropriate, inapplicable and insufficient" and "not designed for a case of this kind." As to such a case, it found no sufficient provisions of statute "for taking possession of the property before a final adjudication of the question of compensation" and no "applicable general laws on the subject." This court in the Hawaiian cases cited in volume eleven of the Hawaii Reports did not disregard an adequate legal remedy in the condemnation proceedings involved, even though it did not pass upon the absence thereof, there being in fact no such remedy existing in either case. In the *Haw'n Com'l & Sugar Co.* case, the condemnor proceeded under Act of 1878 (c. 29, S. L. H. 1878) and in the *King* case under the Act of 1888 (c. 42, S. L. H. 1888). But neither of those Acts provided an adequate legal remedy as illustrated by the lower court in the *King* case when it observed that if the condemnor had proceeded under Act 45, Session Laws of 1896 (the forerunner of the present statutes on eminent domain), "* * * the objection might well be urged that there was an adequate remedy at law, provided by statute; but the Act [c. 42, Session Laws of 1888] under which the defendant [condemnor] is seeking to condemn gives the owner or claimant no opportunity to be heard in opposition to the proposed condemnation."

As pointed out in the cases of *Enes* v. *Hoopai* and *Liu* v. *Farr,* both *supra,* there is no express provision of statute giving equity jurisdiction of a case to restrain a threatened enforcement of a criminal statute. Nor is there any to give equity jurisdiction of a case to restrain a threatened exercise of the statutory right to file a motion for an order of possession in pending condemnation proceedings. Neither of those cases are to be found among the "cases" mentioned in paragraphs (1) to (15) inclusive, of section 12402 of Revised Laws of Hawaii 1945 "when the parties have not a plain, adequate and complete remedy at common

law" and therefore of necessity both fall within the category of "all other cases" mentioned in paragraph (16) thereof, which gives equity jurisdiction of them only "where there is not a plain, adequate and complete remedy at law" as a statutory limitation upon the otherwise full equity jurisdiction of a court of equity. Thus in this Territory an equity court has no power to restrain any orderly procedure permitted by statute in pending condemnation proceedings, irrespective of the grounds for injunction urged by a complainant, if such a remedy exists as a statutory one in those proceedings within the general rule as it does in the defendant's case. If any authority be found in other jurisdictions to the contrary under different statutes without limitation upon the full equity jurisdiction of a court of equity, it would not be persuasive or control the jurisdictional question of an existing adequate legal remedy in the pending action at law. That question as presented on demurrer is answered in the affirmative.

The remedy at law afforded by statute to the defendant in the pending action of eminent domain being plain, and as adequate and complete as that by injunction in equity, the petition on its face states no cause of equitable cognizance and the court of equity below had no jurisdiction other than to dismiss the defendant's petition for injunction. The presiding judge in equity, therefore, erred in assuming jurisdiction.

The order overruling the demurrer is reversed. On presentation, this court will enter a new order sustaining the demurrer and dismissing the petition consistently with this opinion.

*R. K. Sharpless,* Deputy Attorney General (*W. D. Ackerman, Jr.,* Attorney General, with him on the briefs), for the Territory, appellant.

*J. V. Hodgson* and *E. N. Sylva* (also on the briefs) for appellee.