THE CITY AND COUNTY OF HONOLULU, A MUNIC-
IPAL CORPORATION *v.* HENRY C. HAPAI AND
ALICE KEONAONA WILSON HAPAI.

No. 4149.

NOVEMBER 25, 1959.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ
AND LEWIS, JJ.

*Per Curiam.* To the complaint in eminent domain filed in the circuit court in Civil No. 4214 on September 12, 1958, defendants filed on October 23, 1958, an answer which contested the public use and necessity for the taking of their property and protested the issuance of any order of possession without a prior hearing. On April 30, 1959,

plaintiff (appellee) filed a motion to set, pursuant to R.L.H. 1955, § 8-32, for a trial "as to the issue of public use and necessity." Subsequently on June 12, 1959, plaintiff filed a motion for an order putting plaintiff in possession based on R.L.H. 1955, § 8-27. On the same date, June 12, 1959, the circuit court entered an ex parte order putting plaintiff into possession "effective immediately upon the expiration of ten (10) days after service thereof, provided, however, that for good cause shown within said ten (10) days the court may vacate or modify the order, or may postpone the effective date for an additional period of time." On June 22, 1959, defendants filed a motion to vacate or modify the order putting plaintiff in possession, and after a hearing on June 24, 1959, at which no evidence was received, the circuit court orally denied defendants' motion and on July 1, 1959, entered a written order of denial. To this order, defendants on July 10, 1959, filed the notice of appeal upon which the record is now before us.

Appellee has filed a "Motion to Dismiss Appeal and to Affirm Order," which states, *inter alia,* "that although the record may show that the case is properly before this Court, it is manifest that the question involved is such as not to require further argument." We cannot agree that "the record may show that the case is properly before this Court."

Appellants' appeal purports to be pursuant to R.L.H. 1955, § 8-32, the pertinent provisions of which are:

> "If the defendant in his answer, or in return to the order to show cause, issued under section 8-26, denies that the use for which the property sought to be condemned is a public use, or a superior public use within the meaning of section 8-7, the issue may, upon the motion of any party, be set for immediate trial, without a jury and without regard to position on the calendar. An interlocutory appeal shall lie from the

decision on such issue, and such appeal shall be given precedence in the supreme court. * * *"

It seems reasonably clear from the record in Civil No. 4214 that the issue of public use and necessity raised in defendants' answer and on which plaintiff sought a preliminary trial pursuant to section 8-32 in its motion to set was not considered or determined at the hearing had on defendants' motion to vacate, the order entered therein being the subject matter of this appeal. It appears that the circuit court did not purport to enter an order under section 8-32, which section, as noted, permits an interlocutory appeal to be taken as a matter of right from any order entered under it. Section 8-27 under which the order in this case was entered includes no provision for interlocutory appeal. No other provisions in the eminent domain statutes provide for or permit an interlocutory appeal from an order entered under section 8-27. If such an appeal is available it would have to be under the provisions of R.L.H. 1955, § 208-3 and H.R.C.P., Rule 73, which require, as a prerequisite, allowance of the appeal by the trial court upon application made within ten days after entry of the interlocutory order. No such allowance of appeal was applied for or obtained in this case. Therefore, on the record before us, there is no appealable order for this court to review.

Accordingly, the motion to dismiss appeal is granted not for the reasons assigned but for those stated hereinabove, and the motion to affirm order is denied for the same reasons.

In remanding the case we deem it in order to note that the record reveals the defendants are still entitled to a full hearing on the issue of public use and necessity raised by their answer and noticed for hearing by the plaintiff and that to protect the interests of the parties pending that hearing the trial court is vested with broad powers to en-

able it to modify the effective date of the order of possession and impose such reasonable terms and conditions as in its discretion may be deemed necessary or proper to protect the interests of the parties. *Marks* v. *Ackerman,* 39 Haw. 53.

Motion granted and denied in part.

*Donald K. Iwai,* Deputy Corporation Counsel (*Norman K. Chung,* Corporation Counsel, with him on the briefs), for plaintiff-appellee.

*Delbert E. Metzger* and *Harriet Bouslog* (*Bouslog & Symonds* also on the briefs), for defendants-appellants.